## TARRANT COUNTY et al. v. SMITH et al.
### No. 13110.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 22, 1935.

Rehearing Denied March 22, 1935.

Samuels, Foster, Brown & McGee, Jesse E. Martin, W. M. McGregor, and Cecil C. Rotsch, all of Fort Worth, for appellants.

Levy & Evans, of Fort Worth, for appellees.

LATTIMORE, Justice.

In this suit to recover of a former sheriff of Tarrant county moneys alleged to be due that county, there are four separate items involved in this appeal.

The sheriff, Smith, made application to the commissioners' court as provided by R. S. art. 3902, for authority to appoint 21 deputies. These deputies were all appointed by the sheriff and thereafter, without any order of the commissioners' court, the said sheriff appointed another deputy, Mr. Blevins, who served for the sheriff in the county court at law. Two commissioners, which two by name the appellee professed not to remember, requested appellee to give Blevins the place. Blevins worked on the same floor as was the commissioners' court room, and all of the commissioners knew him personally and probably knew he was serving in the county court at law. The judge of the county court at law signed each month a certificate to the commissioners' court that a deputy

sheriff, name not given, waited on his court during the entire month.

At the end of the year appellee filed his annual report with the county auditor, showing Blevins as a deputy had been paid out of fees of the sheriff's office. No action by the commissioners' court is shown to have been taken on that report until special auditors were hired three years later, who reported this payment unauthorized, and thereupon this suit was filed.

■ The sheriff is under as much obligation to conduct his office lawfully as is the commissioners' court its duties. Neither is Tarrant county, but each has a bounden duty to the administration of the county affairs. The commissioners' court can limit the number and salary of sheriff deputies, but they have no power over the naming of the individuals to be appointed, and are especially prohibited from attempting any such last-named influence. R. S. art. 3902. Moreover, the commissioners' court does not act by the statement of one member thereof at the local drug store and another at the county victuals emporium, etc. They meet as a court and transact the county business in open session. Such requirement is not formal. It is substantial, both that the members may have the benefit of the knowledge and opinions of the other members, as well as that the public may know when and where its affairs are being transacted. Const. art. 1, § 13. Appellee thus knew that the acts of the two unnamed commissioners were without authority, and were prohibited.

■ Neither are commissioners members of the county detective force. They could not name the deputies of Smith, and knowledge that Blevins was a deputy would not show he was the unauthorized deputy, and, if it did, we would not attach any such consequence thereto as is here contended for by appellee. We have heretofore, in Tarrant County v. Hollis (Tex. Civ. App.) 76 S.W.(2d) 198, expressed our views about the filing of the annual report with the county auditor and now adhere to them. Cameron County v. Fox (Tex. Com. App.) 61 S.W.(2d) 483. The certificate of the judge of the county court at law that an unnamed deputy was serving in his court proves nothing in this case.

■ The sheriff was paid in advance in 1928 by the commissioners' court $800 as ex officio fees for summoning jurors. R. S. art. 3934. That year he made his maximum compensation of $5,000 exclusive of that $800. In such event it was his duty, under such above stat-ute, to return the $800 to the county. He did not do so. This holding does not amount to setting aside the judgment of the commissioners' court which ordered the $800 paid. We assume that judgment to be valid. By the subsequent events, to wit, the collection otherwise and thereafter of the maximum pay, Mr. Smith became obligated to return that money.

■ There was no authority vested in the sheriff to retain a deputy to make up, after the sheriff's term of office had expired, a final report and to pay that deputy a salary out of fees of office which otherwise would belong to Tarrant county. Discussion of the point is unnecessary.

■ Appellee pleaded limitation. We are in accord with the expressions contained in Hatcher v. State (Tex. Civ. App.) 52 S.W.(2d) 794, that this action would lie against the sheriff whether he had made a bond or not. The bond is evidence of the liability. R. S. art. 5527 says that where the action is "founded upon" or "evidenced by" an instrument in writing, etc., the limitation is four years. The Hatcher Case contains an elaborate review of the authorities upon which we shall not here elaborate. Writ of error was granted, but the Supreme Court has not further acted in the cause so far as we can ascertain.

It is true many of these acts of the sheriff could have been discovered by the members of the commissioners' court and from the judgment rendered by the trial court we must say that that court believed some of them were known to some members of that court, but all this seems to us to discount the duty that each officer owes to the people of his county, and not to the commissioners' court, to obey and uphold the law applicable to himself. As a citizen who loves his self-governing nation, and honors its laws, he ought to set an example of careful observance of each of his official duties and obligations, which needs no corresponding dereliction of some other officer to sustain him. Like Caesar's wife, he should be above suspicion. All this to the end that those who elected him because they had faith in him are more prone to follow his example than he in whom they have not thus placed their trust.

The judgment of the trial court is reformed to include therein the salary paid Mr. Blevins in the sum of $1,600, with interest thereon at 6 per cent. per annum from December 29, 1932. As so reformed, it is affirmed at the cost of appellee.