

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Emory M. Spencer
County Attorney
Aransas County
Rockport, Texas

Dear Sir:

Opinion No. O-2680
Re: Fees of office - Sheriffs -
Expenses of office - Ex-officio
compensation.

Your request for opinion upon the following questions:

"1. Where a county official compensated on a fee basis fails or refuses to make the monthly sworn statement of expenses required by Article 3899, is the Commissioners' Court, because of their inability to properly audit such official's expenses of office, empowered to reject or disallow the deductions made by him under the heading of allowable deductions in his annual fee report filed under Article 3897, thus making him subject to excess fees?

"2. Where a sheriff is compensated by the County on a per diem basis for feeding prisoners, is he required to include the cost to him for feeding such prisoners in the monthly sworn statement required by Article 3899, and if so, should such costs be itemized.

"3. Can the Commissioners' Court withhold the ex-officio salary paid the sheriff until such time as the sheriff files with the Court itemized statements of his expenses so that the Court may properly audit the same?"

has been received and carefully considered by this department.

We understand from your letter that the officers of your county are compensated on a fee basis.

Article 3899, Vernon's Annotated Texas Civil Statutes, reads in part as follows:

"(a) At the close of each month of his tenure of office each officer named herein who is compensated on a fee basis shall make as part of the report now required by law, an itemized and sworn statement of all the actual and necessary expenses incurred by him in the conduct of his office, such as stationery, stamps, telephone, premiums on officials' bonds, including the cost of surety bonds for his Deputies, premium on fire, burglary, theft, robbery insurance protecting public funds, traveling expenses and other necessary expenses. The Commissioners' Court of the county of the Sheriff's residence may, upon the written and sworn application of the Sheriff stating the necessity therefor, purchase equipment for a bureau of criminal identification such as cameras, finger print cards, inks, chemicals, microscopes, radio and laboratory equipment, filing cards, filing cabinets, tear gas and other equipment in keeping with the system in use by the Department of Public Safety of this State or the United States Department of Justice and/or Bureau of Criminal Identification. If such expenses be incurred in connection with any particular case, such statement shall name such case. Such expense account shall be subject to the audit of the County Auditor, if any, otherwise by the Commissioners' Court; and if it appears that any item of such expense was not incurred by such officer or such item was not a necessary expense of office, such item shall be by such auditor or court rejected, in which case the collections of such item may be adjudicated in any court of competent jurisdiction. The amount of salaries paid to Assistants and Deputies shall also be clearly shown by such officer, giving the name, position and amount paid each; and in no event shall any officer show any greater amount than actually paid any such Assistant or Deputy. The amount of such expenses, together with the amount of salaries paid to Assistants, Deputies and Clerks shall be paid out of the fees earned by such officer. The Commissioners' Court of the county of the Sheriff's residence may,

Honorable Emory M. Spencer, Page 3

upon the written and sworn application of the Sheriff stating the necessity therefor, allow one or more automobiles to be used by the Sheriff in the discharge of his official duties, which, if purchased by the County, shall be bought in the manner prescribed by law for the purchase of supplies and paid for out of the General Fund of the county and they shall be and remain the property of the county. The expense of maintenance, depreciation and operation of such automobiles as may be allowed, whether purchased by the county or owned by the Sheriff or his Deputies personally, shall be paid for by the Sheriff and the amount thereof shall be reported by the Sheriff, on the report above mentioned, in the same manner as herein provided for other expenses...."

Article 3891, Vernon's Annotated Civil Statutes, reads in part as follows:

"Each officer named in this Chapter shall first out of the current fees of his office pay or be paid the amount allowed him under the provisions of Article 3883, together with the salaries of his assistants and deputies, and authorized expenses under Article 3899, and the amount necessary to cover costs of premium on whatever surety bond may be required by law. If the current fees of such office collected in any year be more than the amount needed to pay the amounts above specified, same shall be deemed excess fees, and shall be disposed of in the manner hereinafter provided. ....

"All current fees earned and collected by officers named in Article 3883 during any fiscal year in excess of the maximum and excess allowed by this Act, and for their services and for the services of their deputies and assistants and authorized expenses, together with all delinquent fees collected and not used as provided in Article 3892, or used to pay salaries of deputies and assistants when current fees are insufficient, shall be paid into the County Treasury in the county where the excess accrued.

352

Honorable Emory M. Spencer, Page 4

"All fees due and not collected, as shown in
the report required by Article 3897, shall be col-
lected by the officer to whose office the fees
accrued and shall be disposed of by said officer
in accordance with the provisions of this Act.

"The compensations, limitations and maximums
herein fixed in this Act for officers shall in-
clude and apply to all officers mentioned herein
in each and every county of this State, and it is
hereby declared to be the intention of the Legis-
lature that the provisions of this Act shall apply
to each of said officers, and any special or general
law inconsistent with the provisions hereof is here-
by expressly repealed in so far as the same may be
inconsistent with this Act...."

Article 3897, Vernon's Annotated Texas Civil Sta-
tutes, reads as follows:

"Each district, county and precinct officer, at
the close of each fiscal year (December 31st) shall
make to the district court of the county in which he
resides a sworn statement in triplicate (on forms
designed and approved by the State Auditor) a copy
of which statement shall be forwarded to the State
Auditor by the clerk of the district court of said
county within thirty (30) days after the same has
been filed in his office, and one copy to be filed
with the county auditor, if any; otherwise said
copy shall be filed with the Commissioners' Court.
Said report shall show the amount of all fees, com-
missions and compensations whatever earned by said
officer during the fiscal year; and secondly, shall
show the amount of fees, commissions and compensa-
tions collected by him during the fiscal year; third-
ly, said report shall contain an itemized statement
of all fees, commissions and compensations earned
during the fiscal year which were not collected, to-
gether with the name of the party owing said fees,
commissions and compensations. Said report shall
be filed not later than February 1st following the
close of the fiscal year and for each day after said
date that said report remains not filed, said offi-
cer shall be liable to a penalty of Twenty Five
($25.00) Dollars, which may be recovered by the county

in a suit brought for such purposes, and in addition said officer shall be subject to removal from office."

The recent case of Pierson, et al vs. Galveston County, 131 SW (2d) 27, holds, among other things, that a justice of the peace was not entitled to recover certain items of expense claimed for postage, traveling expenses and messenger service, during certain years in office, where the justice did not render monthly statements of such expenses as required by statute, but merely filed annual reports estimating the expenses in lump sum amounts. The court in this case, referring to Article 3899, supra, used the following language:

"The manifest purpose of this statute was to provide a means of ascertaining the correctness of expense items each month as they are incurred. The actual expense paid or incurred constitute the measure of the official's right to recoupment. The monthly itemization is for the protection of the county by affording a means of ascertaining the fact and amount of such claimed item of expense and whether it was properly chargeable as such. It is manifest from the annual reports and confirmed by the evidence that these expenses were merely estimated and a lump sum given each year. The statute would be of no value if its salutory provisions could be evaded in this manner. We hold the items properly disallowed by the Commissioners' Court, and the trial court's judgment correct in denying recovery therefor."

In answer to your first question it is the opinion of this department, under the facts stated, that the Commissioners' Court would be entitled to reject and disallow the claims for deductions made by the Sheriff in his annual report where no monthly report of such expenses was made by the Sheriff as required by Article 3899, supra. The amount of fees earned, less authorized expenses, if any, would determine whether or not the sheriff would be "subject to excess fees."

Article 1040, Vernon's Annotated Texas Code of Criminal Procedure, reads in part as follows:

"For the safe keeping, support and maintenance of prisoners confined in jail or under guard, the

sheriff shall be allowed the following charges:

"....

"2. For support and maintenance, for each prisoner for each day such an amount as may be fixed by the commissioners court, provided the same shall be reasonably sufficient for such purpose, and in no event shall it be less than forty cents per day nor more than seventy-five cents per day for each prisoner. The net profits shall constitute fees of office and shall be accounted for by the sheriff in his annual report as other fees now provided by law. The sheriff shall in such report furnish an itemized verified account of all expenditures made by him for feeding and maintenance of prisoners, accompanying such report with receipts and vouchers in support of such items of expenditure, and the difference between such expenditures and the amount allowed by the commissiners court shall be deemed to constitute the net profits for which said officer shall account as fees of office...."

The above quoted section of the statute provides, among other things, that the net profits (of the feeding and support of prisoners by the sheriff) shall constitute fees of office and shall be accounted for by the sheriff in his annual report as other fees now provided by law. The section also provides "that the sheriff in such report (referring undoubtedly to his annual report referred to above ) (brackets onrs) furnish an itemized verified account of all expenditures etc." The above quoted section deals specifically with the sheriff's "fees of office" and "expenditures" in the feeding and maintenance of prisoners.

Under Article 3899, supra, the expenses, other than those expenditures in connection with automobiles, which an officer is authorized to claim as deductions when properly reported in the required monthly report, are limited to stationery, stamps, telephone, premiums on officials' bonds, including the cost of surety bonds of deputies, premium on fire, burglary, theft, robbery insurance protecting public funds, traveling expenses, and other similar necessary expenses, the rule of construction "ejusdem generis" being applied to qualify

the general language by the specially enumerated items and to restrict its meaning to expenses of the same kind or class. See State vs. Carnes, 106 SW (2nd) 397 and Casey vs. State, 289 SW 428.

Article 1046, Vernon's Annotated Texas Code of Criminal Procedure reads as follows:

"At each regular term of the commissioners court, the sheriff shall present to such court his account verified by his affidavit for the expense incurred by him since the last account presented for the safe-keeping and maintenance of prisoners, including guards employed, if any. Such account shall state the name of each prisoner, each item of expense incurred on account of such prisoner, the date of each item, the name of each guard employed, the length of time employed and the purpose of such employment."

Article 1047, Vernon's Annotated Texas Code of Criminal Procedure, reads as follows:

"The commissioners court shall examine such account and allow the same, or so much thereof as is reasonable and in accordance with law, and shall order a draft issued to the sheriff upon the county treasurer for the amount so allowed. Such account shall be filed and kept in the office of suhh court."

The case of Harris County, et al vs. Hammond, 203 SW 451, construed Article 1148 of the Texas Code of Criminal Procedure of 1911, now Article 1046, Vernon's Annotated Texas Code of Crimhal Procedure, and said case holds that a sheriff's accounts for keeping prisoners, giving the name of each person, the date and hour committed, the offense, when and how released, the number of days in jail, and arriving at the amount of the bill by multiplying the number of days by the per diem allowance per prisoner, was not required to be more fully itemized, under Article 1148, Code of Criminal Procedure, of 1911, requiring accounts presented to commissioners' court for keeping prisoners to state the name of eahh prisoner and each item of expense incurred on account of each prisoner.

Honorable Emory M. Spencer, Page 8

In answer to your second question you are respect-
fully advised that it is the opinion of this department that
the law does not require the Sheriff in a fee county to file
a monthly report of expenditures for feeding prisoners; that
Article 3899, supra, is inapplicable to such situation; that
Section 2 of Article 1040, C.C.P., supra, governs said situa-
tion and under said section it is the duty of the Sheriff to
account in his annual report (required by Article 3897, supra)
for the net profits arising from the feeding and maintenance
of prisoners, as a fee of office, also furnishing in said
annual report an itemized verified account of all expenditures
made by him for feeding and maintenance of prisoners, etc.
The difference between such expenditures and the amount allow-
ed by the Commissioners Court within the limitation set out in
the section constitutes the net profits for which the Sheriff
shall account for as a fee of office in his annual report. How-
ever, under Article 1046, Vernon's Annotated Texas Code of
Criminal Procedure, it is the duty of the sheriff to file his
verified account for keeping prisoners with the Commissioners'
Court at each regular meeting of said court as outlined by
said article. The itemization of said account will be suffi-
cient if it meets the requirements laid down in the case of
Harris County, et al vs. Hammond, supra.

Article 3895, Vernon's Annotated Texas Civil Statutes,
reads as follows:

"The Commissioners' Court is hereby debarred
from allowing compensation for ex-officio services
to county officials when the compensation and excess
fees which they are allowed to retain shall reach
the maximum provided for in this chapter. In cases
where the compensation and excess fees which the
officers are allowed to retain shall not reach the
maximum provided for in this chapter, the Commis-
sioners' Court shall allow compensation for ex
officio services when, in their judgment, such com-
pensation is necessary, provided, such compensation
for ex officio services allowed shall not increase
the compensation of the official beyond the maximum
of compensation and excess fees allowed to be retain-
ed by him under this chapter. Provided, however,
the ex officio herein authorized shall be allowed
only after an opportunity for a public hearing and
only upon the affirmative vote of at least three mem-
bers of the Commissioners' Court."

Honorable Emory M. Spencer, Page 9

Article 3934, Vernon's Annotated Texas Civil Statutes limits the ex-officio compensation of the Sheriff to an amount not to exceed $1,000.00.

Article 3897, Revised Civil Statutes of Texas, 1925, was amended by Acts 1930, 41st Legislature of Texas, 4th Called Session, p. 30, ch. 20, ¶ 5, and as amended contained among other things, the following provision:

"Provided, that where any officer mentioned in this chapter has expenses of office for which he is required to file an expense account under Article 3899, the Commissioners' Court is hereby expressly inhibited and debarred from paying any ex-officio salary to such officer until such expense account has been filed in accordance with Article 3899."

The 44th Legislature of Texas, by its Acts of 1935, 2nd Called Session, p. 1762, ch. 465, ¶ 9, amended Article 3897, supra, by omitting entirely the provision quoted above in the preceding paragraph, enacting Article 3897, substantially as it was, with the exception of the above provision.

Prior to the repeal of said provision this department held that the Commissioners' Court was authorized under and by virtue of said provision to withhold the ex-officio salary of a county officer who failed to make his monthly report under Article 3899, supra. See Opinion dated October 21, 1935, written by Honorable Fred C. Varner, Assistant Attorney General, and recorded in Vol. 367, page 954, Letter Opinions of the Attorney General of Texas.

The above described opinion was based solely on the provision of the statute then in effect but which now is repealed and is of no force and effect.

If the Commissioners' Court, by due and proper order, has allowed the Sheriff ex-officio compensation for the fiscal year, we do not think the commissioners' court would be authorized to withhold said ex-officio salary from the sheriff by reason

Honorable Emory M. Spencer, Page 10

of the failure of the Sheriff to file monthly reports of
expenses under Article 3899, supra, until such time as the
Sheriff filed his monthly reports in view of the repeal of
the specific provision quoted above which authorized such
procedure.

However, it is our opinion that the Commissioners'
Court has authority to enter an order revoking or modifying
the allowance of ex officio compensation to the Sheriff for
future services. We quote from the case of Collingsworth
County vs. Myers, 35 SW 414, as follows:

"We are therefore of the opinion that the
commissioners' court had jurisdiction and power to
pass the order of November 13, 1893, reducing the
ex-officio allowances previously made at the Febru-
ary session of the court. These views apply with
equal force to the allowances made to the sheriff
and county and district clerk for ex-officio ser-
vices. We desire it distinctly understood, however,
that where the commissioners' court entered into
contracts, in cases where it has authority to so
do, and in the form and manner in which it may bind
the county it cannot revoke or repudiate its action
in any other manner or upon any other grounds than
contracts entered into by other persons may be
revoked and cancelled; but that, in auditing, fix-
ing, and allowing sums and salaries for ex officio
services under Articles 2450, 2456, and 2459, Re-
vised Statutes of 1895, of Texas, they neither bind
the county by a contract nor render a judgment
against it for the amounts so fixed by them, and
that such orders are subject to be reviewed, re-
vised, modified or canceled and entirely revoked,
whenever, in their judgment, they see fit to do so,
except, perhaps, in cases where the services had
already been rendered under such orders."

Conference opinion No. O-1957 of this department,
Book 51, p. 406, Opinions of the Attorney General of Texas,
holds that the commissioners' court has authority to revoke or
reduce the ex officio compensation of a county officer.

Honorable Emory N. Spencer, Page 11

If the county pays the Sheriff an ex-officio salary in advance and he later makes excess fees the county has a plain and adequate remedy to collect what it is entitled to. In support of our position we cite the case of Tarrant County, et al vs. Smith, 81 SW (2nd) 537, wherein the court uses the following language:

"The Sheriff was paid in advance in 1928 by the Commissioners' Court $800.00 as ex officio fees for summoning jurors. R.S. Art. 3934. That year he made his maximum compensation of $5,000.00 exclusive of that $800.00. In such event it was his duty, under such above statute, to return the $800.00 to the county. He did not do so. This holding does not amount to setting aside the judgment of the Commissioners' Court which ordered the $800.00 to be paid. We assume that judgment to be valid. By the subsequent events, to-wit, the collection otherwise and thereafter of the maximum pay, Mr. Smith (the Sheriff) (brackets ours) became obligated to return that money."

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Wm. J. Fanning_

Wm. J. Fanning
Assistant

WJF:AW