

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

September 19, 1975

The Honorable Tim Curry
District Attorney
Tarrant County Courthouse
Fort Worth, Texas 76102

Opinion No. H- 697

Re: Application of nepotism
law to county employees
covered by civil service.

Dear Mr. Curry:

You have asked about the relationship between article 5996a, V. T. C. S., the nepotism statute, and article 2372h-6, V. T. C. S., the County Civil Service Act. You explain that Tarrant County has instituted a civil service program and that department heads under the program select those hired from applicants scoring well on competitive examinations. But the commissioners court, although it plays no active role in the selection process, regularly receives and perfunctorily approves a list of those selected.

You specifically ask if it is illegal in such a situation for a county department under the civil service act to employ persons closely related to a commissioner, and if it is, must those already so hired be dismissed?

Article 5996a generally provides that no officer of a county or member of a county board or court may appoint, vote for, or confirm the appointment to any office or position compensated by public funds of any person related to the person so appointing or so voting or to another member of the board or court within the second degree by affinity or the third degree of consanguinity. See Letter Advisory No. 67 (1973). County commissioners are included. V. T. C. S., art. 5996b.

This provision is not violated however, if a relative of a member of a governing body is hired for a position authorized by that body, when the governing body does not exercise control over the person to be selected. See Attorney General Letter Advisory No. 79 (1973) and authorities cited therein. Article 3902, V. T. C. S., prohibits county commissioners from

attempting to influence the appointment of any person as a deputy, assistant, or clerk in any county or precinct office, and while portions of that statute have been superseded by article 3912k, V.T.C.S., and article 2372h-6, V.T.C.S. (where adopted) we believe the prohibition retains vitality. Furthermore, under the County Civil Service Act the Civil Service Commission has elastic authority to make and enforce rules regarding the selection of county employees which are consistent with the purpose of the Act, which purpose is the selection of county employees on the basis of demonstrated merit and the avoidance of politically influenced decision to hire or fire.

It follows that actions of the commissioners court purporting to approve or disapprove the lists of persons selected to fill positions covered by article 3902 are nullities. Cf., Tarrant County v. Smith, 81 S.W.2d 537 (Tex. Civ. App. --Ft. Worth 1935, writ ref'd.). This is certainly the case where the Civil Service Act is properly administered.

Because the commissioners court has no actual power to control and should not undertake to control, the selection of these employees, we answer your basic question in the negative, to the extent that the positions are covered by article 3902.

### SUMMARY

It is not illegal for a county department under the County Civil Service Act to employ persons closely related to a county commissioner where the commissioners court exercises no control, directly or indirectly, over the selection process.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee