

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

October 31, 2006

The Honorable Joel D. Littlefield
Hunt County Attorney
Post Office Box 1097
Greenville, Texas 75403-1097

Opinion No. GA-0480

Re: Whether a deputy sheriff may use a county patrol vehicle to perform off-duty security work (RQ-0482-GA)

Dear Mr. Littlefield:

You inform us that Hunt County "deputy sheriffs working off duty security used county patrol vehicles, in the course and scope of that off duty employment, without reimbursing the county for the use of the county patrol vehicle."[1] Consequently, you ask four questions about the authority of a deputy sheriff to use the county's vehicle in this manner. Request Letter, *supra* note 1, at 1. Specifically, you ask:

> (1) May a deputy sheriff who is engaged in working off duty (security) employment, use a county patrol vehicle in the course and scope of that off duty (security) employment, without reimbursing the county for the use of the county patrol vehicle?

> (2) May a Sheriff allow a deputy sheriff, who is engaged in working off duty (security) employment, to use a county patrol vehicle in the course and scope of that off duty (security) employment, without providing reimbursement to the county for the use of the county patrol vehicle?

> (3) Should reimbursement of the county vehicle be required for its use in the above, which individual or agency sets the amount to be reimbursed to the county for its use—the sheriff or the commissioner's court?

---

[1]Letter from Honorable Joel D. Littlefield, Hunt County Attorney, to Honorable Greg Abbott, Attorney General of Texas at 1 (Apr. 26, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

> (4) May the Commissioner's Court prevent patrol vehicles, which were assigned to the sheriff's office, from being used in off duty (security) employment by deputy sheriffs?

*Id.* at 1–2. Because your first two questions raise related questions of law, we treat them together.

Article III, section 52(a) of the Texas Constitution provides that the "[l]egislature shall have no power to authorize any county . . . to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever." TEX. CONST. art. III, § 52(a). This provision is not violated if the public receives consideration for granting a thing of value. *Tex. Mun. League Intergov'tl Risk Pool v. Tex. Workers' Comp. Comm'n*, 74 S.W.3d 377, 383 (Tex. 2002). This provision, moreover, does not prohibit a grant of a public thing of value that incidentally benefits a private party if the grant is made to accomplish a legitimate public purpose. *Walker v. City of Georgetown*, 86 S.W.3d 249, 260 (Tex. App.—Austin 2002, pet. denied). To satisfy this public purpose exception, the grant's predominant purpose must be to accomplish a public purpose, not to benefit private parties; there must be public control over the assets to ensure that the public purpose is accomplished and to protect the public's investment; and the public must receive a return benefit. *Tex. Mun. League Intergov'tl Risk Pool*, 74 S.W.3d at 384.

A sheriff is required to conserve the peace within the sheriff's county. *See* TEX. CODE CRIM. PROC. ANN. art. 2.17 (Vernon 2005). Because no statute prescribes the manner in which a sheriff is to conserve the peace, it is for the sheriff, in the exercise of reasonable discretion, to determine how best to accomplish this duty. *Weber v. City of Sachse*, 591 S.W.2d 563, 567 (Tex. App.—Dallas 1979, writ dism'd). The patrol vehicles allocated to a sheriff by a commissioners court are tools to be used by the sheriff to perform the sheriff's law enforcement duties. *See* Tex. Att'y Gen. Op. No. GA-0158 (2004) at 4 ("The sheriff's vehicles belong to the county, which acts through its commissioners court."). By extension, then, a sheriff has discretion over the vehicles allocated to the sheriff, including the discretion to determine how the sheriff's deputies are to use those vehicles in providing law enforcement within the county.

But a sheriff is bound by the constitution and other laws of this state. *See* TEX. LOC. GOV'T CODE ANN. § 85.001(c) (Vernon Supp. 2006) (requiring sheriff to take official oath). Texas Constitution article III, section 52(a), and the case law interpreting that article, circumscribes a sheriff's discretion over county patrol vehicles, but it leaves to the sheriff the authority to permit the use of the county's patrol vehicles in a manner that satisfies the public purpose doctrine, subject to judicial review. *See Barrington v. Cokinos*, 338 S.W.2d 133, 142 (Tex. 1960) ("[A] court has no right to substitute its judgment and discretion for the judgment and discretion of the governing body upon whom the law visits the primary power and duty to act."). Therefore, in answer to your first two questions, the sheriff may authorize deputy sheriffs to use county patrol vehicles during off-duty security employment without the deputies reimbursing the county for that use only if the predominant purpose of the off-duty use is to conserve the peace within the county, the sheriff retains

control over the vehicles in a manner that ensures the peace will be conserved, and the county actually receives this public benefit.[2]

You next ask: "Should reimbursement of the county vehicle be required for its use in the above, which individual or agency sets the amount to be reimbursed to the county for its use—the sheriff or the commissioners court?" Request Letter, *supra* note 1, at 2. This question presupposes that, for circumstances in which the sheriff determines that use of the county patrol vehicle does not accomplish a legitimate public purpose, a deputy may use the vehicle as long as the county is reimbursed for such use. This presupposition is incorrect.

It is well established that a sheriff has no authority to enter into contracts binding the county except where specifically authorized by statute. *Anderson v. Wood*, 152 S.W.2d 1084, 1085 (Tex. 1941). We have found no statute that authorizes a sheriff to bind the county in a lease of its vehicles to deputy sheriffs for the deputies to use in a private capacity. Therefore, the sheriff may not set the amount of money that would reimburse the county for the use of its vehicles because that would be a contract term. And a commissioners court, although it is the entity with jurisdiction over all county business, TEX. CONST. art. V, § 18(b), and "although [it] may exercise broad discretion in conducting county business, the legal basis for any action taken must be grounded in the constitution or statutes." *Guynes v. Galveston County*, 861 S.W.2d 861, 863 (Tex. 1993) (citation omitted). Consequently, a commissioners court's authority to contract on behalf of the county is limited to that authority conferred either expressly or by necessary implication by the constitution and the laws of this state. Tex. Att'y Gen. Op. No. GA-0085 (2003) at 2. As it is with a sheriff, we can find no statute that expressly authorizes a commissioners court to lease the county's personal property in this way. Indeed, Local Government Code chapter 263, which specifically authorizes a commissioners court to sell or lease county property under certain conditions, makes no provision for the lease of county personal property in the manner described here. *See* TEX. LOC. GOV'T CODE ANN. §§ 263.001–.251 (Vernon 2005). Thus, a commissioners court may not lease the county's vehicles to the county's deputy sheriffs to use in a private capacity. *Cf.* Tex. Att'y Gen. Op. No. GA-0085 (2003) at 4–5 (determining that a commissioners court could sell county-owned dirt provided that the dirt fell under a Local Government Code chapter 263 provision authorizing a county to sell surplus property). Accordingly, we need not answer your question as to who determines reimbursement amounts, because the county may not lease its vehicles for private use in the first place.

You last ask: "May the Commissioner's Court prevent patrol vehicles, which were assigned to the sheriff's office, from being used in off duty (security) employment by deputy sheriffs?" Request Letter, *supra* note 1, at 2.

---

[2]We note that Government Code section 612.005 requires the governing body of a political subdivision to insure its law enforcement officers against liability to third persons arising out of the officer's operation of a vehicle owned, leased, or otherwise controlled by the political subdivision "at any time that the officer is authorized to operate the vehicle, including times that the officer is authorized to operate the vehicle while off duty." TEX. GOV'T CODE ANN. § 612.005(b) (Vernon 2004).

"It is the law in Texas that an elected officer occupies a sphere of authority, which is delegated to him by the Constitution and laws, within which another officer may not interfere or usurp." *Renken v. Harris County*, 808 S.W.2d 222, 226 (Tex. App.—Houston [14th Dist.] 1991, no writ). Based on this statement of the law, this office has said:

> A commissioners court, which sets the budgetary priorities of a county and can decide generally how much of the county's funds to dedicate to each of the county's purposes, has thereby a considerable ability to shape the ways in which an elected county official uses the resources of his office. But it cannot make those decisions for him. It may, in effect, tell that official what resources it will place at his disposal. But it may not micro-manage his decisions as to the use of those resources.

Tex. Att'y Gen. Op. No. JC-0214 (2000) at 3. And, as a court has elaborated, "[a] sheriff is under as much obligation to conduct his office lawfully as is the commissioners' court its duties." *Tarrant County v. Smith*, 81 S.W.2d 537, 538 (Tex. Civ. App.—Fort Worth 1935, writ ref'd). Thus, the sheriff, and not the commissioners court, is responsible for seeing that the sheriff's deputies use patrol vehicles only for lawful purposes.

### S U M M A R Y

Article III, section 52(a) of the Texas Constitution prohibits the state and its political subdivisions from granting a thing of value for private use. An exception is made where the grant's predominant purpose is to accomplish a public purpose, not to benefit private parties; where there is public control over the assets to ensure that the public purpose is accomplished and to protect the public's investment; and where the public receives a return benefit. Thus, a sheriff may authorize the sheriff's deputies to use county patrol vehicles for off-duty employment without reimbursing the county only if the predominant purpose is to conserve the peace within the county, the sheriff retains control over the vehicles in a manner that ensures the peace will be conserved, and the county actually receives this public benefit.

There is no authority for a sheriff or a commissioners court to contract with a deputy sheriff to guarantee reimbursement to the county for the deputy's private use of a county patrol vehicle. Thus, neither a sheriff nor a commissioners court may set a rate for reimbursement.

The sheriff, and not the commissioners court, is responsible for seeing that the sheriff's deputies use patrol vehicles only for lawful purposes.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Daniel C. Bradford
Assistant Attorney General, Opinion Committee