**Elton J. SENEGAL and Marquis Seveat, Plaintiffs,**

**v.**

**JEFFERSON COUNTY, Jefferson County Sheriff Department, and Carl R. Griffin, Jr., Individually and in his Official Capacity as Sheriff of Jefferson County, Defendants.**

Civ. A. No. 1:91 CV 819.

United States District Court,
E.D. Texas,
Beaumont Division.

March 5, 1992.

Byron Keith Watson, Houston, Tex., for plaintiffs.

Thomas F. Rugg, Asst. Dist. Atty., Beaumont, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

SCHELL, District Judge.

CAME ON TO BE HEARD this day the defendants' motion to dismiss for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6), and the court, after considering said motion and the responses of the plaintiffs, is of the opinion that the motion should be GRANTED.

This civil action is based on alleged violations of the due process clause of the Fourteenth Amendment to the Constitution of the United States, enforceable through 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3), and various state claims. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

The defendants, in their answer, contend by way of an affirmative defense that the complaint fails to state a claim upon which relief can be granted, citing Rule 12(b)(6) Fed.R.Civ.P. Because both sides have briefed the issue and referred to the defense as if a motion had been filed, the court will treat the defendants' contention in their answer as a motion to dismiss.

## I. CONTENTIONS

The defendants assert that the plaintiffs have no property interest in their employment with the sheriff's department, and therefore, the plaintiffs have no right to due process in connection with employee discipline.

The plaintiffs advance two arguments as to why their complaint properly states a claim for deprivation of property and liberty without due process. First, the plaintiffs claim that as public employees they have a property right in continued employment that cannot be taken without due process. Second, the plaintiffs allege that due process is equally applicable to protect their liberty interest in their "freedom to work and earn a living" and their right to be free from "maliciously groundless punitive disciplinary action."

## II. FOURTEENTH AMENDMENT DUE PROCESS

### A. *Property Interest*

■ The plaintiffs, as public employees, must have a cognizable property or liberty interest in continued employment in order to trigger due process protection. *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). "The property interest can emanate from a statute, local ordinance, or rule, or from a mutually explicit understanding." *Irby v. Sullivan,* 737 F.2d 1418, 1421 (5th Cir. 1984). In any case, however, this court must look to state law to determine if the plaintiffs have a property interest in continued employment. *Bishop v. Wood,* 426

U.S. 341, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976). The law on this subject is well settled in the state of Texas. "A deputy serves at the pleasure of the sheriff." Tex.Loc.Gov't Code Ann. § 85.003(c) (Vernon 1988). "It follows that deputy sheriffs have no legal entitlement to their jobs as public employees; the sheriff may fire them for many reasons or for no articulable reason at all." *Barrett v. Thomas*, 649 F.2d 1193, 1199 (5th Cir.1981), *cert. denied*, 456 U.S. 925, 102 S.Ct. 1969, 72 L.Ed.2d 440 (1982). Following the Fifth Circuit's decision in *Barrett*, it is clear that the plaintiffs do not have a state-protected property interest in their employment. *White v. Thomas*, 660 F.2d 680, 684 (5th Cir.1981), *cert. denied*, 455 U.S. 1027, 102 S.Ct. 1731, 72 L.Ed.2d 148 (1982). Consequently, the plaintiffs have not been deprived of a property interest protected by the due process clause of the Fourteenth Amendment to the United States Constitution and enforceable through 42 U.S.C. § 1983. Therefore, the plaintiffs' § 1983 cause of action for deprivation of property without being afforded due process under the Fourteenth Amendment is dismissed for failure to state a claim upon which relief can be granted.

### B. Liberty Interest

■ The absence of a protected property interest in their employment does not preclude a finding that the plaintiffs may have a protected liberty interest that has been infringed. *Wells v. Doland*, 711 F.2d 670, 676 (5th Cir.1983). "The liberty protected by the due process clause encompasses an individual's freedom to work and earn a living." *Wells*, 711 F.2d at 676. The remedy for a deprivation of liberty is a name-clearing hearing. *White*, 660 F.2d at 685.

The Fifth Circuit Court of Appeals has set forth the elements of a protected liberty interest in *Wells v. Hico Independent School*, 736 F.2d 243, 256 (5th Cir.1984) as follows:

To establish a liberty interest, an employee must demonstrate that his governmental employer has brought false charges against him that "might serious-

ly damage his standing and associations in his community," or that impose a "stigma or other disability" that forecloses "freedom to take advantage of other employment opportunities." *Board of Regents v. Roth*, 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1972). *See Wells v. Doland*, 711 F.2d 670, 676 (5th Cir.1983).... [Moreover,] the stigma must be imposed by the state in connection with its denial of a right or status previously recognized by state law.... The employee must also show that "the governmental agency has made or is likely to make the ... stigmatizing charges public 'in any official or intentional manner, other than in connection with the defense of [related legal] action.'" *Ortwein v. Mackey*, 511 F.2d 696, 699 (5th Cir.1975); *Wells* 711 F.2d at 676 n. 8. Moreover, the employee must not have received a meaningful hearing to clear his name. *Id.* The charges must be false.

■ The plaintiffs, in their complaint, allege that the charges brought against them were "groundless" or false, and that the administrative disciplinary hearing provided for them was not a meaningful name-clearing hearing. The complaint further alleges in paragraph V on damages that the defendants' actions caused the plaintiffs "loss of business reputation, humiliation, embarrassment...." Noticeably absent, is any allegation in their complaint that the charges for which the plaintiffs were disciplined were ever made or are likely to be made public by the sheriff or anyone else. Were this the only infirmity in plaintiffs' complaint under the heightened pleading requirements for § 1983 claims, the court would be inclined to permit the plaintiffs to replead, if indeed the charges were made public. However, in addition, and of more significance, the plaintiffs allege that the right or status denied them, in connection with these allegedly stigmatizing charges leveled at them by the defendants, was that they were temporarily suspended without pay and placed on six months probation within the sheriff's department. It is alleged in para-

graph IV of the complaint that Senegal was suspended for 40 days and Seveat for 15 days.

■ This court is mindful of the fact that a motion to dismiss for failure to state a claim upon which relief can be granted must be denied, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). Nevertheless, the plaintiffs' allege only a temporary suspension from their duties. The plaintiffs do not contend that their employment has been terminated or even that they have been internally transferred to a position of lower status within the department. Even assuming that the disciplinary charges stigmatized them, their "retention of employment negates [their] claim that [they] were denied a 'liberty.'" *Moore v. Otero*, 557 F.2d 435, 438 (5th Cir.1977). "When an employee retains his position even after being defamed by a public official, the only claim of stigma he has derives from the injury to his reputation, an interest that *Paul* reveals does not rise to the level of a liberty interest." *Moore* at 438 (relying on *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976)). Reputation alone is not a constitutionally protected interest, even though state law may create an action for defamation. *Wells, supra*, 736 F.2d at 256.

Consequently, it is apparent from the plaintiffs' own pleadings and from the applicable law that the plaintiffs have not and cannot state a claim under § 1983 and the Fourteenth Amendment for deprivation of a protected liberty interest. Therefore, the liberty interest claim is also dismissed for failure to state a claim upon which relief can be granted.

### III.   42 U.S.C. § 1985

■ Plaintiffs also allege that the "[d]efendants acting individually and in concert under Color of State Law, ... have conspired in bad faith to deprive [them] ... of their rights, privileges and/or immunities guaranteed to them by the Constitution and Laws of the United States of America and the State of Texas." (Plaintiffs' Original Complaint at V.) Assuming that this language is sufficient to state a cause of action under 42 U.S.C. § 1985(3), Plaintiffs must allege that there was "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). In "Plaintiffs' Response to Defendants' Answer and Motion to Dismiss," on page 7 in the section entitled Title VII, the plaintiffs emphatically deny that their cause of action is based on being a member of any race or protected class. Plaintiffs go on to state that their 42 U.S.C. §§ 1983 and 1985 causes of action will "survive dispositive motions regardless of their ethnic preference or protected racial class." (Plaintiffs' Response to Defendants Answer and Motion to Dismiss at 7.) While this may be a correct statement concerning 42 U.S.C. § 1983, it is certainly incorrect when applied to 42 U.S.C. § 1985(3). As the Fifth Circuit stated in *Deubert v. Gulf Federal Sav. Bank*, 820 F.2d 754, 757 (5th Cir.1987), "... it is well-established in this circuit that the only conspiracies actionable under section 1985(3) are those motivated by racial animus." Consequently, plaintiffs failure to allege that they were victims of a race-based conspiracy forecloses the availability of relief under § 1985(3). *Deubert*, at 757. Accordingly, Plaintiffs' 42 U.S.C. § 1985(3) claim is dismissed for failure to state a claim upon which relief can be granted.

For the reasons stated above, it is ORDERED that the plaintiffs' federal conspiracy claim pursuant to 42 U.S.C. § 1985(3) and their claims under 42 U.S.C. § 1983 and the Fourteenth Amendment for deprivation of a property interest and a liberty interest are DISMISSED for failure to state claims upon which relief can be granted.

It is further ORDERED that, because all federal question claims have been disposed of, this court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C.

§ 1367(c)(3). The state law claims are, therefore, DISMISSED without prejudice.