**Guy WILLIAMS, Sheriff–Elect, Montgomery County Sheriff's Department and Montgomery County, Texas, Appellants,**

v.

**Richard Cary BAGLEY, et al., Appellees.**

No. 09–93–062 CV.

Court of Appeals of Texas, Beaumont.

May 19, 1994.

M. Kaye Applewhite, Asst. County Atty., Frank H. Bass, Jr., County Atty., Conroe, for appellant.

Phillip W. Swisher, Conroe, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BROOKSHIRE, Justice.

This appellate proceeding results from the attempted granting of a temporary restraining order. The original petition of the appellees also pleaded for relief in the form of a temporary injunction and a permanent injunction.

A show-cause hearing was conducted on the application for a temporary injunction. The trial court then determined that the appellees had an adequate remedy at law, denying appellees' request for temporary injunction and also denying their request for a permanent injunction. The trial court by its order dissolved the ex parte temporary restraining order; but, nevertheless, awarded the appellees salaries and benefits for the time period that the ex parte temporary restraining order had been in effect. The defendants below, who are appellants here, bring this appeal contesting the award of the salaries and the benefits and for general relief.

The appellees had been employees of the Montgomery County Sheriff's Department. But their employment was strictly under a former sheriff. The former sheriff, Joe Corley, did not choose to run for reelection.

The defendant below, Guy Williams, was elected sheriff at the general election in November of 1992. Williams gave notice to the appellees, and some others, that he would not be *rehiring* them on January 1, 1993. Williams took office on January 1, 1993.

On December 31, 1992, at 9:15 p.m., the attorney for the appellees (Swisher) obtained a temporary restraining order signed by the regular judge of the 2nd 9th District. As a practical impossibility, there was an attempted amended order which was also dated the 31st day of December, 1992, at the same hour and minute, namely, 9:15 p.m., signed by another judge. The second signature was not the regular judge. Apparently a visiting judge was sitting as such in such court on or about January 4, 1993. His authority is not

shown. The amended temporary restraining order states in relevant, significant part:

> ORDERED that the defendants, their agents, employees, servants, or any person acting in their behalf, be restrained from taking any action *which would terminate plaintiffs employment.* (emphasis added)

Under recognized authorities, the appellees' employment expired lawfully when the previous sheriff's term expired. Williams was sworn in on January 1, 1993. Almost immediately Williams swore in the deputies and the staff that he hired. Williams simply did not rehire the appellees. Williams had not terminated the appellees' employment.

The record reflects that the original petition, the original attempted temporary restraining order, and an attempted amended order, were all filed for record on January 4, 1993. Appellees' original petition and the attached verification were signed by the attorney for the appellees. It is abundantly clear that the plaintiffs' original petition for injunction and for other relief was received and filed at 10:00 a.m. on January 4, 1993.

■ The petition has various interlineations and apparent strikeouts, either by way of "x's" or circles or checks or other markings. It is not clear what the alterations mean. The all-important verification attached to the original petition was "according to his knowledge and belief". The verification was made by the affiant in his capacity as attorney for the plaintiffs. The original order is far from clear as to when it was done and entered because one of the figures designating the date in December is obliterated. However, it was done at 9:15 p.m. There was absolutely no provision for a bond in connection with the temporary restraining order. Even at best, considering the obliterated parts and the interlineations and the circled parts and the changing of certain dates on the original petition, it cannot really be determined what the verification applied to, but the verification was made very importantly *on the belief of the affiant.* We hold the verification is insufficient.

A temporary restraining order is basically a writ of injunction within the meaning of Tex.R.Civ.P. 682. *See Ex parte Coffee,* 160 Tex. 224, 328 S.W.2d 283 (1959). The all-important and governing Rule 682 provides in one relevant part that no writ of injunction may be granted unless the applicant therefor shall present his petition to the judge verified by his affidavit and containing a plain and intelligible statement of the grounds for such relief.

■ Inasmuch as virtually all temporary restraining orders are issued ex parte, being without notice or opportunity to the opposing party to be heard and if attempted to be issued will seriously curtail and defeat as well as thwart another person's lawful ability to engage in legal conduct that a person (a defendant) may have a legal right to engage in; then, the necessity of a proper affidavit is of paramount importance. *See Ex parte Rodriguez,* 568 S.W.2d 894 (Tex.Civ.App.— Fort Worth 1978, no writ). We construe the wording of Tex.R.Civ.P. 682 as being mandatory. The standard for the sufficiency and the efficacy of an affidavit has been established. That standard is: "the facts must be set forth in a manner that if they are falsely sworn to, the affiant may be prosecuted and convicted of perjury; . . .".

It has been held that an affidavit sworn to on knowledge *and belief* is insufficient and the insufficiency and inadequacy is based upon the reliance that the affiant is acting on his belief. Therefore, if he had a belief that was entirely erroneous and not based on knowledge or fact, the affiant could not be successfully prosecuted and convicted of perjury. *See Ex parte Miller,* 604 S.W.2d 324 (Tex.Civ.App.—Dallas 1980, no writ); *Schultz v. City of Houston,* 551 S.W.2d 494 (Tex.Civ.App.—Houston [14th Dist.] 1977, no writ). *See also Industrial State Bank of Houston v. Wylie,* 493 S.W.2d 293 (Tex.Civ. App.—Beaumont 1973, no writ).

Rule 684 entitled "Applicant's Bond" demands that in the order granting any temporary restraining order, the court shall fix the amount of surety to be given. And, before even the issuance of the temporary restraining order, the applicant shall execute and file with the clerk a bond to the adverse party with two or more good and sufficient sureties, approved by the clerk, in a sum fixed by the judge. Rule 684 was not complied with

in many major aspects. The first affidavit signed by the attorney of record for the appellees was clearly based in important part upon his belief; the affidavit does not comply with the requirements of Rule 682 and the same is not sufficient to support a petition for temporary restraining order or for an injunction. No bond was set or provided for.

Also, the appellants argue that there exists a grave risk of injustice in immobilizing a defendant from a course of conduct which he may reasonably have a legal right to pursue. Appellants further argue that by the issuing of the original order, the trial court had abused its discretion when the law is misapplied or when the evidence does not reasonably support the conclusion that the applicant or applicants has or have a reasonable right to recover. *See and compare State v. Southwestern Bell Tel. Co.*, 526 S.W.2d 526 (Tex. 1975).

■ Elected county officials in the State of Texas undoubtedly and indisputably possess a broad discretion in the selection of their staff and their employees. *See and compare Barrett v. Thomas*, 649 F.2d 1193 (5th Cir.1981), *cert. denied*, 456 U.S. 925, 102 S.Ct. 1969, 72 L.Ed.2d 440 (1982). The established law in Texas as well as the firmly followed custom acknowledges that the deputy sheriffs will serve at the will or the pleasure of the sheriff. The elected sheriff may fire them. A newly elected sheriff is not under a duty to rehire deputies.

As we read the record, there never was a correct bond filed. To begin with, there was absolutely no bond with the so-called first original petition or order. The original order granting a temporary restraining order was void. It was void because the Rule 684 definitely mandates that in any order granting a temporary restraining order, the court shall fix the amount of the surety to be given by the plaintiffs-appellees and *before the issuance of the temporary restraining order* the applicant shall execute and file a bond. The applicants did not do so. According to the plaintiffs' position both the TRO orders were done, signed, and entered exactly at the same time to the very minute. The record fails to include a proper bond.

■ From the testimony and evidence as recorded in the Statement of Facts, we determine that liability has not been established against the appellants or any one of them. We have reviewed the testimony of William Lucas, Richard Bagley, Jackie Wayne Everitt, George Tones, Doris Odell, Ed Braune, and C.E. Drake. We conclude that there was a reasonable and lawful explanation for the Sheriff's actions. We think that the plaintiffs below failed to make a case based on unlawful discrimination against them because of their political activities, their political speech, or their political party affiliations.

As to the letters written in early December by Williams notifying some of the parties that they would not be rehired in the future, we note—and it is very significant that the trial court took the position that Mr. Williams—not then a county official—had no authority to dismiss or terminate anyone. Williams did not dismiss or terminate any deputy. Since Williams had no authority, his letters were not efficacious. The trial court emphatically ruled that the plaintiffs have adequate remedies at law in this matter. Thus, the trial court decided that it did not have the authority to grant a temporary injunction. The court then denied a permanent injunction, a temporary injunction, and dissolved the restraining order. Interestingly, the trial court found and recited that considering all the pleadings and all the evidence, the relief requested by the plaintiffs is for injunctive relief—not for money damages as such. The court further expressed itself by stating that the law is that an official elected to an office in a general election does not have the authority of that office until the date and time that the oath of that office is properly administered and the proper bond is made and placed with two good and sufficient sureties.

We determine that as to each of the testifying plaintiffs, a very reasonable explanation was given for their not being hired by the new sheriff. In fact, one or more were hired and then voluntarily quit.

■ The new sheriff had a right to create a staff in which he had full confidence—and which staff and its members had confidence

in the new sheriff. Thus it follows, necessarily and logically that deputy sheriffs have no legal entitlement to their jobs if appointed by a sheriff no longer in office. As a concomitant, the county sheriff may refuse to hire or rehire them for many reasons, or for no articulable reason at all. We conclude that the new sheriff did not condition his decisions about public employment based on any employee's or deputy sheriff's relinquishment of any First Amendment rights or liberties of either political belief, political speech, or political association. The record is abundantly clear that the new sheriff did not establish a political orthodoxy or a political machine.

We sustain appellants' point of error number one. We have not been able to find within the record a correct bond. Thus, appellants' point of error number two is sustained.

Under this record for the reasons and rationale above set out, we determine that no liability has been established against any of the defendants-appellants. We find no evidence in the record touching upon or favoring Dover Dell Bradshaw, Norman Wayne Clark, Joyce Cleveland, Calvin Eugene Little, Joe Allen Little, Harold Benton Vailes, and Edward L. Walden.

These last named seven appellees did not testify, introduced no documentary evidence, and no evidence was presented in their behalf or establishing their right to recovery. Appellants' point of error number four is fully sustained.

We have endeavored to carefully collate and analyze the statement of facts. Based thereon, we reverse the order and judgment of the trial court and render the judgment against the plaintiffs and in favor of the defendants. The plaintiffs will take nothing of and from Guy Williams, Sheriff–Elect (now the Sheriff), Montgomery County Sheriff's Department and Montgomery County, Texas.

 TEX.LOC.GOV'T CODE ANN. § 85.003 (Vernon 1988) entitled "Deputies" clearly and plainly provides in its subsection (c): "[a] deputy sheriff serves at the pleasure of the sheriff." We squarely hold that if a deputy serves at the pleasure of the sheriff, then the hiring or the rehiring of a deputy sheriff is at the pleasure of the sheriff. The rule of law in our state is that deputies have no protected property interest in their employment. Therefore, there exists no deprivation of constitutional due process in connection with their suspension. *Senegal v. Jefferson County*, 785 F.Supp. 86 (E.D.Tex.1992), *aff'd*, 1 F.3d 1238 (5th Cir.1993). Furthermore, a deputy sheriff's term expires when the sheriff's term expires. *Samaniego v. Arguelles*, 737 S.W.2d 88 (Tex.App.—El Paso 1987, no writ). Furthermore, the sheriff has the power to terminate the deputy at will. *Id.*

The sheriff is elected to protect and serve the public and to discharge the numerous duties and functions of his office. The sheriff has responsibilities imposed upon him by law. To assist the sheriff in implementing his responsibilities and discharging efficiently and effectively the many duties and responsibilities of his office, deputy sheriffs serve at the pleasure of the sheriff. The settled rule is that the sheriff can terminate the deputy's tenure at will.

 The appellees under this record have failed to establish a liberty interest. In order to establish a liberty interest the employee deputy must demonstrate that his state employer has brought false charges against him that might seriously damage his standing and associations in his own community; or that there has been imposed upon the deputy a stigma or other disability that in turn meaningfully forecloses a freedom to take advantage of other employment opportunities. There is no evidence of any type of stigma. There is no showing of a liberty deprivation. *See Senegal, supra.*

In view of the record before us and bearing in mind the forceful language of TEX.LOC. GOV'T CODE ANN. § 85.003(c), we conclude that there was no basis or ground of liability against the appellants to require the payment of salaries and other benefits. In fact, the clear statutory provision disallows the order entered below. Any standing of plaintiffs is directly eviscerated by the quoted statute. *See and compare Irby v. Sullivan*, 737 F.2d 1418 (5th Cir.1984).

Furthermore, we have very carefully checked the entire file. The Clerk of the Court has also made a search. We can find no brief having been filed by the appellees. The time for the filing of appellees' brief is long since expired. Appellees have not in any way contradicted the brief of the appellants, Guy Williams, Sheriff–Elect, and Montgomery County Sheriff's Department and Montgomery County, Texas. Pursuant to Rule 74, we are acting within our discretion (to view any statements made by the appellants in their original brief as to the facts or as to the record) to accept the same by us as being correct. There has been no challenge by the appellees. The provisions of Rule 74 are a separate basis for our holdings and opinion.

Therefore, the judgment of the trial court awarding appellees salaries and benefits from January 1, 1993 to January 15, 1993, is hereby reversed and judgment is rendered in favor of the appellants. It is further ordered that the appellees Richard Cary Bagley, Dover Dell Bradshaw, Edward T. Braune, Norman Wayne Clark, Joyce Cleveland, Jackie Wayne Everitt, Calvin Eugene Little, Joe Allen Little, Doris Odell, George Edward Tones, III, Harold Benton Vailes, and Edward L. Walden, and each and every one of them take nothing of and from any of the defendants-appellants, Guy Williams, Sheriff–Elect, Montgomery County Sheriff's Department, and Montgomery County, Texas.

REVERSED AND RENDERED.