**Leo SAMANIEGO, Sheriff of El Paso County, Texas, Appellant,**

v.

**Yolanda ARGUELLES and Roberto Ontiveros, Appellees.**

No. 08–86–00334–CV.

Court of Appeals of Texas, El Paso.

Aug. 19, 1987.

Joe Lucas, Co. Atty., El Paso, for appellant.

Woodrow W. Bean, II, Charles Louis Roberts, El Paso, for appellees.

Before OSBORNE, C.J., and FULLER and WOODARD, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from a mandamus requiring the sheriff of El Paso County to reinstate Appellees to their former positions of deputy sheriffs, with full salaries and benefits. We reverse and vacate the mandamus.

Appellees Arguelles and Ontiveros were detention officers and had missed 220 and 253 workdays, respectively, due to work-related injuries. Appellees received termination letters indicating the jail was understaffed. The jail had been held out of compliance with the provisions of the Texas Commission on Jail Standards due to being understaffed. If not properly staffed, the jail was to be shut down within thirty days. Replacements for the two incapacitated detention officers could not be hired without their termination.

Appellees sought and received a mandamus of reinstatement based upon Article III, sec. 52e, of the Texas Constitution, which is herein set out:

Each county in the State of Texas is hereby authorized to pay all medical expenses, all doctor bills and all hospital bills for Sheriffs, Deputy Sheriffs, Constables, Deputy Constables and other county and precinct law enforcement officials who are injured in the course of their official duties; providing that while said Sheriff, Deputy Sheriff, Constable, Deputy Constable or other county or precinct law enforcement official is hospitalized or incapacitated that the county shall continue to pay his maximum salary; *providing, however, that said payment of salary shall cease on the expiration of the term of office to which such official was elected or appointed.* [Emphasis added.]

Appellant counters with Article 6869, Tex.Rev.Civ.Stat.Ann., the pertinent part of which is herein set out:

Sheriffs shall have the power, by writing, to appoint one or more deputies for their respective counties, *to continue in office during the pleasure of the sheriff,* .... [Emphasis added.]

It is the Appellees' contention that the constitutional article has repealed Article 6869 insofar as it grants the sheriff the right to terminate his deputies in this instance.

■ This concerns repeal by implication. The repeal of laws by implication is not favored. *American Canal Company of Texas v. Dow Chemical Company,* 380 S.W.2d 662 (Tex.Civ.App.—Houston 1964, writ dism'd). This type of repeal will not be declared unless legislative intention to repeal is so clear and apparent as to leave no room for doubt and speculation. *City of El Paso v. Forti,* 181 S.W.2d 576 (Tex.Civ. App.—El Paso 1944), *rev'd on other grounds,* 181 S.W.2d 579 (Tex.1944). The court will endeavor to harmonize and reconcile the various provisions, and if both acts can stand together, the rule is to let them stand. *International Service Insurance Company v. Jackson,* 335 S.W.2d 420 (Tex.Civ.App.—Austin 1960, writ ref'd n.r. e.). These rules of construction apply to repugnancies between a statute and a later constitutional provision. 73 Am.Jur.2d Statutes, sec. 399, at 513. In construing the statutes, we must consider each particular object to be attained, we may use laws on same or similar subjects, and we must note the consequences of a particular construction. Tex.Gov't.Code Ann. sec. 311.-023 (Vernon Pamphlet 1987). We must assume a just and reasonable result is intended. We must favor public interest over any private interest. Tex.Gov't.Code Ann. sec. 311.021 (Vernon Pamphlet 1987).

The intent of the constitutional provision is to insure sustenance of law enforcement officials who were incapacitated in the course of official duties. It mandates a county to pay maximum salaries. *El Paso County v. Jeffers,* 699 S.W.2d 375 (Tex. App.—El Paso 1985, no writ).

■ The objective of Article 6869 is to provide the sheriff with personnel to protect and serve the public. It contains provisions for automatic revocation of such deputy appointment upon an indictment of said deputy. The sheriff is responsible for the official acts of his deputies. Tex.Rev. Civ.Stat.Ann. art. 6870 (Vernon 1960). To effectively aid him in implementing this responsibility and controlling this liability, the deputies continue in office at the pleasure of the sheriff. This has been interpreted to mean the sheriff can terminate the deputy's tenure at will. *Murray v. Harris,* 112 S.W.2d 1091 (Tex.Civ.App.—Amarillo 1938, writ dism'd).

The implied repugnancy allegedly lies in the language providing for payment of salary until expiration of the term to which the deputy was appointed. A deputy sheriff term expires when the sheriff's term expires. *Tarrant County v. Smith*, 81 S.W.2d 537 (Tex.Civ.App.—Fort Worth 1935, writ ref'd). Words shall be given their ordinary meaning. Tex.Gov't.Code Ann. art. 312.002 (Vernon Pamphlet 1987). The word "expire" derives from the Latin word meaning to breathe out. In its ordinary meaning, it connotes the coming to a conclusion or end or to have run its course. The word terminate carries a more abrupt inference. It is derivative of the Latin word to end. It suggests positive interference.

The words of the constitutional article "providing that while said Sheriff, Deputy Sheriff, Constable, Deputy Constable or other county or precinct law enforcement official is hospitalized or incapacitated that the county shall continue to pay his maximum salary" do not imply the deputy must hold his commission to receive benefits. Taken in context, it merely makes reference to the first part of the article which identifies the eligible class of beneficiaries.

Therefore, in applying the rules of construction and giving the words their ordinary meaning, we hold Article III, sec. 52e, does not repeal Article 6869 by implication. The termination of a deputy by a sheriff does not preclude the deputy's right to receive maximum salary from the county during his incapacitation. The recovery of working capacity or the consequent expiration of the coincident term of the sheriff, whichever comes first, would proscribe the deputy's claim.

The mandamus of the trial court is reversed and vacated.