**COUNTY OF EL PASO, Appellant,**

v.

**Willie HILL, Appellee.**

**No. 08–87–00260–CV.**

Court of Appeals of Texas, El Paso.

April 27, 1988.

Rehearing Denied July 20, 1988.

Joe Lucas, Co. Atty., El Paso, for appellant.

Gordon Stewart, Schwartz, Earp, McClure, Cohen & Stewart, El Paso, for appellee.

Before SCHULTE, FULLER and WOODARD, JJ.

OPINION

WOODARD, Justice.

This is an appeal from a judgment in the amount of $42,360.00, plus interest and attorney's fees. We reverse and remand.

Appellee was a deputy sheriff from 1972 until 1985. He was injured in the course of his employment on September 14, 1984. Upon taking office on January 1, 1985, a newly elected sheriff declined to re-deputize him.

In a bench trial, the court found that the sheriff's failure to re-deputize the Appellee did not automatically revoke the deputy's commission. The court found that Article III, sec. 52e of the Texas Constitution required the Appellant to pay the Appellee full salary for one more term of a sheriff, or until the Appellee recovered, whichever occurred first. Article III, sec. 52e of the Texas Constitution provides:

> Each county in the State of Texas is hereby authorized to pay all medical expenses, all doctor bills and all hospital bills for Sheriffs, Deputy Sheriffs, Constables, Deputy Constables and other county and precinct law enforcement officials who are injured in the course of their official duties; providing that while

said Sheriff, Deputy Sheriff, Constable, Deputy Constable or other county or precinct law enforcement official is hospitalized or incapacitated that the county shall continue to pay his maximum salary; *providing, however, that said payment of salary shall cease on the expiration of the term of office to which such official was elected or appointed.* [Emphasis added.]

A county is mandated to pay maximum salaries. *El Paso County v. Jeffers,* 699 S.W.2d 375 (Tex.App.—El Paso 1985, no writ).

Tex.Rev.Civ.Stat.Ann. art. 6869 sets out in part:

Sheriffs shall have the power, by writing, to appoint one or more deputies for their respective counties, *to continue in office during the pleasure of the sheriff, . . . .* [Emphasis added.]

(This statute has since been amended and codified in section 85.003, Tex.Local Gov't.Code Ann., Vernon Pamphlet 1988).

It was the contention of the trial judge that Article 6869 has been repealed by a change in contemporary custom and practices. The deputies in a modern sheriff's department, who are hired by one sheriff, achieve a permanent status, although their respective sheriffs are governed by their respective terms. The judge further interpreted the following language in Article III, sec. 52e, supra, "providing, however, that said payment of salary shall cease on the expiration of the term of office to which such official was elected or appointed" to guarantee the perpetually appointed deputy salary for at least one full term of a sheriff, or until the deputy regains working capacity, whichever comes first.

■ A deputy sheriff's term expires when the sheriff's term expires. *Tarrant County v. Smith,* 81 S.W.2d 537 (Tex.Civ. App.—Fort Worth 1935, writ ref'd.); *Samaniego v. Arguelles,* 737 S.W.2d 88 (Tex. App.—El Paso 1987, no writ).

■ Article 6869, supra, has been successfully encroached upon in certain instances of a deputy being terminated in violation of his constitutional civil rights.

*Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976); *Stegmaier v. Trammell,* 597 F.2d 1027 (5th Cir.1979); *Barrett v. Thomas,* 649 F.2d 1193 (5th Cir. 1981). There is no civil rights issue in this case. With this foregoing exception, Article 6869 (as codified) remains a legitimate statute. *Samaniego v. Arguelles, supra.* It is not within the province of the courts to repeal a valid statute. *Fort Worth & D.C. Ry. Co. v. Welch,* 183 S.W.2d 730 (Tex.Civ.App.—Amarillo 1944, writ ref'd.)

The time of the injury in relation to the remaining days of the term can produce unequal recovery on the part of different deputy beneficiaries. In this case, the Appellee is only entitled to his maximum salary from September 14, 1984 to December 31, 1984, or to the time of recovery of his working capacity, whichever comes first. We must presume, however, that the legislature proceeded diligently and with full knowledge of the consequences of its act, and the voters approved the same in like manner.

Judgment of the trial court is reversed and the cause remanded to the trial court to enter judgment in accordance with this opinion.