COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-024-CV
TARRANT COUNTY               
           
           
           
           
APPELLANT
V.
STEVEN VAN SICKLE           
           
           
           
           
    APPELLEE
------------
FROM THE 141ST DISTRICT COURT OF TARRANT COUNTY
------------
OPINION
------------
I. Introduction
In eight issues, appellant Tarrant County
appeals from the trial court's judgment granting appellee Steven Van Sickle, a
former county deputy sheriff of Tarrant County, a permanent mandatory injunction
preventing Tarrant County from discontinuing payment of Van Sickle's salary
until his retirement. The trial court also awarded damages for unpaid past
salary and attorney's fees. We reverse and render.
II.
Factual and Procedural Background
In April 1994, Van Sickle was injured on the
job during a violent altercation with an inmate at the Tarrant County Jail. As a
result of his injuries, Van Sickle did not return to work for the rest of 1994,
1995, or 1996 and is still medically unable to work as a deputy sheriff. From
April 1994 to December 31, 1996, Van Sickle did not perform any work for Tarrant
County, but Tarrant County continued to pay him his full salary and benefits,
offset by the amount he received in workers' compensation.
On January 1, 1997, Tarrant County Sheriff
David Williams and his employees began a new term of office. As the end of the
Sheriff's term approached, Charlotte Knotts, Tarrant County's workers'
compensation specialist, sent Van Sickle a letter on December 4, 1996, stating,
in part:

         As
 you know, the first term of office of Sheriff David Williams will expire on
 12-31-96. The County has continued your full salary in accordance with the
 provisions of the Texas Constitution which governs salary of law enforcement
 officials who are injured in the course of their official duties. Please be
 advised that said salary shall cease on 12-31-96, the expiration of Sheriff
 Williams' term.

On December 26, 1996, Hank Pope, the Chief of
Staff of the Tarrant County Sheriff's Office, sent Van Sickle a letter stating:

 My office has conducted a careful review of
 the Tarrant County Sheriff's Department Civil Service Rules. (the
 "Rules") We have located no provisions which would authorize you to
 continue receiving maximum salary once your term of office expires on December
 31, 1996. The Constitution provides, "that said payment of salary shall
 cease on the expiration of the term of office to which such official was
 elected or appointed." Tex. Const. Art. III, § 52e.
 Until you are able to return to duty you will
 not be sworn in as a deputy. Until the end of this year you may apply for a
 ninety day leave-without-pay under 4.34(A) of the Rules. I have attached a
 copy of this rule to this letter. This leave will give you the opportunity to
 rehabilitate your injury and, if possible, return to duty . . . .
 . . . If your leave expires without your
 return to work, we will consider you to have resigned effective on the date of
 leave expiration. You may be eligible for rehire in accordance with the
 reinstatement provisions of the Sheriff's Department Civil Service Rules.

On December 31, 1996, the last day of the
Sheriff's term, Van Sickle, while represented by counsel, followed the
requirements for requesting an extra ninety days of leave, signing the request
"under duress." The request required that Van Sickle obtain a medical
release before he would be able to return to work.
After ninety days passed, Van Sickle came to
the Sheriff's Department without a medical release and insisted that he was
still an employee and had not resigned. A week later, he filed a lawsuit against
Tarrant County alleging that his salary had been underpaid since his injury and
that he could not be separated from county employment without cause. He obtained
a temporary injunction requiring Tarrant County to continue his salary during
the pendency of the lawsuit. This court reversed and dissolved the temporary
injunction on January 8, 1998, in an unpublished opinion.
On August 29-30, 2000, the trial court heard
the merits of Van Sickle's suit, entered a permanent injunction ordering Tarrant
County to pay his salary and benefits "until his effective
retirement," and awarded him $81,000 in "back pay" and $11,569 in
attorney's fees. Tarrant County timely requested findings of fact and
conclusions of law, which were not included in the trial court's findings of
fact and conclusions of law. Tarrant County then submitted additional findings
of fact and conclusions of law, which were denied. Both Tarrant County and Van
Sickle appealed. Only Tarrant County's appeal remains. (1)
III. The Right to
Employment
       
A. The Issues
We will address Tarrant County's first and
sixth issues together. In Tarrant County's first issue, it challenges the trial
court's authority to order Tarrant County to pay Van Sickle a "lifetime
salary," i.e., until his retirement, which is beyond Sheriff Williams's
term. [br8] Tarrant County argues that article III, section 52e of the Texas
Constitution prohibits salary payments to sheriff's
deputies past the term of the sheriff who hired them. Tex. Const. art. III, §
52e. [id] In Tarrant County's sixth issue, it argues that the trial court erred
in finding that Tarrant County deprived Van Sickle of his due process rights to
employment with the Sheriff's Office. Tarrant County claims Van Sickle failed to
identify or present evidence establishing any right to continued employment with
the county.
Van Sickle contends, on the other hand, that as
a sheriff's deputy he has no definite term of office, but has tenure that lasts
as long as the sheriff pleases. See
Tex. Local Gov't Code Ann. § 85.003(c) (Vernon 1999); Murray
v. Harris, 112 S.W.2d 1091, 1093 (Tex. Civ. App.--Amarillo 1938, writ
dism'd). Further, Van Sickle claims that deputies in Tarrant County are subject
to civil service rules established by the Tarrant County Civil Service
Commission following a 1988 election that provide deputies with constitutionally
protected property rights to their employment.
       
B. The Applicable Law
The Fourteenth Amendment to the United States
Constitution provides that a person may not be deprived of life, liberty, or
property without due process of law. U.S. Const. amend. XIV. Property interests,
however, are not created by the Constitution.
Bd. of Regents v. Roth, 408 U.S. 564, 577, 92 S. Ct. 2701, 2709 (1972).
"Rather they are created and their dimensions are defined by existing rules
or understandings that stem from an independent source such as state law--rules
or understandings that secure certain benefits and that support claims of
entitlement to those benefits." Id.
To establish a Fourteenth Amendment violation,
a plaintiff must first show that he or she had a protected property interest and
then show that proper procedures were not followed to protect that property
interest. Logan v. Zimmerman Brush Co.,
455 U.S. 422, 428, 102 S. Ct. 1148, 1154 (1982); Baker
v. Gregg County, 33 S.W.3d 72, 79 (Tex. App.--Texarkana 2000, pet. dism'd).
A property right is "an
individual entitlement grounded in state law." Logan,
455 U.S. at 430, 102 S. Ct. at 1155. In Texas, employment may be terminated by
an employer at-will unless a specific agreement to the contrary exists.
Montgomery County Hosp. Dist. v. Brown, 965 S.W.2d 501, 502 (Tex. 1998); Baker,
33 S.W.3d at 79. A guarantee that a public employee will only be fired for cause
creates a property interest in continued employment. Baker,
33 S.W.3d at 79; Brandy v. City of
Cedar Hill, 884 S.W.2d 913, 915 (Tex. App.--Texarkana 1994, no writ).
Under the Texas Local Government Code, the
Texas Legislature has provided that, if the county electorate votes to create a
civil service, then the local civil service commission is provided the authority
to determine and adopt rules regarding that county's employees' substantive and
procedural rights to their employment. Tex. Loc. Gov't Code Ann. §
158.009(a)(8) (Vernon 1999). Section
158.009 of the local government code states that the county civil service
commission shall adopt rules regarding "layoffs and dismissals" and
other "matters relating to the selection of county employees and the
procedural and substantive rights, advancement, benefits, and working conditions
of county employees." Id. §
158.009(a)(5), (8). Further, the commission is not required to use or follow any
civil service law or rule of the United States in preparing its civil service
rules. See id. § 158.009(b).
Article III, section 52e of the Texas
Constitution, on the other hand, states:

        
 Each county in the State of Texas is hereby authorized to pay all medical
 expenses, all doctor bills and all hospital bills for Sheriffs, Deputy
 Sheriffs, Constables, Deputy Constables and other county and precinct law
 enforcement officials who are injured in the course of their official duties;
 providing that while said Sheriff, Deputy Sheriff, Constable, Deputy Constable
 or other county or precinct law enforcement official is hospitalized or
 incapacitated that the county shall continue to pay his maximum salary; providing,
 however, that said payment of salary shall cease on the expiration of the term
 of office to which such official was elected or appointed. Provided,
 however, that no provision contained herein shall be construed to amend,
 modify, repeal or nullify Article 16, Section 31, of the Constitution of the
 State of Texas.

Id. (emphasis added). Under section
52e, it has long been the established principle that a deputy sheriff's term
expires when the sheriff's term expires. See
El Paso County v. Hill, 754 S.W.2d 267, 268 (Tex. App.--El Paso 1988, writ
denied); Samaniego v. Arguelles,
737 S.W.2d 88, 90 (Tex. App.--El Paso 1987, no writ);
Tarrant County v. Smith, 81 S.W.2d 537, 537 (Tex. Civ. App.--Fort Worth
1935, writ ref'd). Thus, absent a formal rehiring of a deputy at the beginning
of the sheriff's next term, the Texas Constitution prohibits a county from
paying the deputy hired during the sheriff's previous term once the term
expires. (2)
       
C. Standard of Review
In determining a "no-evidence" issue, we are to consider only
the evidence and inferences that tend to support the finding and disregard all
evidence and inferences to the contrary. Bradford v. Vento, 48
S.W.3d 749, 754 (Tex. 2001); Cont'l Coffee Prods. Co. v.
Cazarez, 937 S.W.2d 444, 450 (Tex. 1996); In re King's
Estate, 150 Tex. 662, 244 S.W.2d 660, 661 (1951). Anything more than a
scintilla of evidence is legally sufficient to support the finding. Cazarez,
937 S.W.2d at 450; Leitch v. Hornsby, 935 S.W.2d 114, 118
(Tex. 1996).
A "no-evidence" issue may only be sustained when the record
discloses one of the following: (1) a complete absence of evidence of a vital
fact; (2) the court is barred by rules of law or evidence from giving weight to
the only evidence offered to prove a vital fact; (3) the evidence offered to
prove a vital fact is no more than a mere scintilla of evidence; or (4) the
evidence establishes conclusively the opposite of a vital fact. Uniroyal
Goodrich Tire Co. v. Martinez, 977 S.W.2d 328, 334 (Tex. 1998) (citing
Robert W. Calvert, "No Evidence" and
"Insufficient Evidence" Points of Error, 38 TEX.
L. REV. 361, 362-63
(1960)), cert. denied, 526 U.S. 1040 (1999). There is some evidence
when the proof supplies a reasonable basis on which reasonable minds may reach
different conclusions about the existence of the vital fact. Orozco v.
Sander, 824 S.W.2d 555, 556 (Tex. 1992).
       
D. Analysis
Sheriff
Williams's term expired on December 31, 1996. Van Sickle was given until that
date to request leave without pay for ninety days, which he did, albeit
"under duress." After the ninety days expired, Van Sickle failed to
return to work with a medical authorization showing that he could perform the
duties required of him. Because Van Sickle did not have his medical
authorization, he was not sworn in for another term, not re-deputized. Van
Sickle's position with the Sheriff's office ended on March 31, 1997.
Van Sickle argues, however, that the Tarrant
County Civil Service rules provided him with a right to continued employment
that could not be terminated without due process. The trial court also stated in
its findings of fact and conclusions of law that:

 Tarrant County voters approved an expanded
 Civil Service plan for all Tarrant County employees including deputies of the
 Sheriff's Department, pursuant to Sub-chapter "A" of Chapter 158 of
 the Texas Local Government Code, which has been in force for more than a year
 and has never been dissolved by the voters of Tarrant County.

While this finding may in fact be true, there
is no evidence in the record indicating what the civil service rules of Tarrant
County state, what the procedures are for terminating sheriff's deputies, and
what "due process" entails under the county's civil service rules.
(3) The only evidence in the record that supports Van Sickle's claim
that he had "due process" rights comes from Pope's testimony. At
trial, Van Sickle's attorney asked Pope, "So [the civil service employees
with the Sheriff's Office] have due process rights, do they not?" Pope
responded, "They do." This fact alone, however, does not establish
that Van Sickle had a property right to his job, which would be protected by the
Due Process Clause of the United States Constitution. See
Haynes v. City of Beaumont, 35
S.W.3d 166, 179-80 (Tex. App.--Texarkana 2000, no pet.) (stating city grievance
procedures alone do not create substantive property rights or alter employees'
at-will status); Cote v. Rivera,
894 S.W.2d 536, 541 (Tex. App.--Austin 1995, no writ) ("Providing employees
procedural rights that protect due process . . . does not create a property
interest in the employee's job . . . . An employee who is afforded these rights
may retain at-will status . . . . In other words, the existence of procedures
cannot be used to 'bootstrap' an employee into having an entitlement.");
Renken v. Harris County, 808
S.W.2d 222, 225 (Tex. App.--Houston [14th
Dist.] 1991, no writ) (stating deputy constable had no legal entitlement to his
job and that mere existence of grievance procedures did not create property
interest in employment). And there is no evidence in the record indicating that
Van Sickle's position could only be terminated "for cause," which
would have provided him with constitutional protections to his employment. See
Bexar County Sheriff's Civil Serv. Comm'n v. Davis, 802 S.W.2d 659, 661
& n.2 (Tex. 1990) (stating parties agreed Davis had constitutionally
protected property interest in continued employment with sheriff's department
and evidence in the record included Bexar County Civil Service Rules stating
Davis could only be dismissed "for cause"), cert.
denied, 502 U.S. 811 (1991); Baker,
33 S.W.3d at 79 ("A guarantee that a
public employee will only be fired for cause creates property interest in
continued employment.").
Because the Tarrant County Civil Service
Commission can establish its own civil service rules under chapter 158 of the
local government code, only by examining those rules can we determine whether
Van Sickle did not receive the "due process" afforded him under the
rules when he was terminated from his employment and whether those rules created
a constitutional entitlement to his position with the sheriff's office. Cf.
Davis, 802 S.W.2d at 661 (stating because Davis has property interest, the
disputed issue concerns the constitutional process due in order to protect that
interest). Those rules, however, are not in
the record. (4) Thus, there is no evidence that
Van Sickle had a property interest in his employment with the sheriff's
department and to support the trial court's finding that Tarrant County deprived
Van Sickle of his due process rights to employment with the sheriff's office.
Accordingly, this court is left only with the dictates of the Texas Constitution
in determining whether Van Sickle's employment rightfully ended on March 31,
1997.
Under the Texas Constitution, Van Sickle's term
expired on December 31, 1996. The expiration date was extended by ninety days
because Van Sickle signed the leave-without-pay request form. Because Van Sickle
failed to demonstrate that he was physically capable of returning to work after
the ninety days expired, his employment ended with Tarrant County on March 31,
1997. The fact that Van Sickle may have had "tenure," or that he
served at the pleasure of Sheriff Williams, does not support Van Sickle's claim
that he should be entitled to continued pay until retirement.
(5) When a sheriff's deputy serves at the pleasure of the sheriff, the
sheriff can terminate the deputy's employment at will. (6)
See
Williams v. Bagley, 875 S.W.2d 808, 811 (Tex. App.--Beaumont 1994, no
writ).
Thus, we hold the trial court erred in ordering
Tarrant County to pay Van Sickle his salary until the effective date of his
retirement. We sustain Tarrant County's first and sixth issues.
(7) In light of our disposition
of issues one and six, we do not need to address issues two and three. See
Tex. R. App. P. 47.1.
IV. The Award of Back
Pay
In Tarrant County's fourth issue, it contends
the trial court erred in ordering Tarrant County to pay Van Sickle back pay in
the amount of $81,000. Tarrant County argues that the evidence was legally and
factually insufficient to support the award.
In Van Sickle's most recent
petition, he sets forth his claim for back pay as follows:

        
 Under Article III, Section 52e of the Texas Constitution, [Van Sickle] is
 entitled to his maximum salary. [Tarrant County] has failed to pay [his]
 maximum salary since the date of his injury in violation of Article III,
 Section 52e.
         On
 September 4, 1997, [Van Sickle] presented the payment history to show that
 [he] has been paid $17,805.89 since his injury through December 31, 1996. [Van
 Sickle] should have been paid at least $59,832.50 through December 31, 1996.
        
 [Tarrant County] failed to pay [Van Sickle] from January 1, 1997 through March
 31, 1997. [Van Sickle] should have been paid at least $5,547.00. During this
 time [Van Sickle] was carried on the employee roles of Tarrant County as a
 "active duty with no pay."
        
 After March 31, 1997, [Van Sickle] was wrongfully removed from Tarrant County
 employment roles, as plead below and is entitled to maximum pay and benefits
 since.

Thus, according to Van Sickle's petition, he
should receive $47,573.61 for back pay. Van Sickle does not, however, set forth
how he came to this amount in his petition, nor did he ever set forth in
responses to discovery his method of calculating back pay, as required by
Tarrant County's request for disclosure. First, because we have held that Van
Sickle's employment ended on March 31, 1997, the trial court erred in awarding
back pay for the period of time from March 31, 1997 to the date of the judgment.
We address Tarrant County's legal sufficiency claim with regard to the award of
back pay for April 1994 through December 31, 1996.
Following the presentation of evidence, Van
Sickle's attorney in response to Tarrant County's motion for partial summary
judgment argued that Van Sickle was entitled to maximum pay and that:

         [H]e's
 still, today, an employee of this county, entitled to all the benefits he
 deserves. I don't know what those benefits are, but we certainly know they are
 something.
        
 And I think we have proved a case. We haven't proved any specific numbers. And
 I think the Court can establish those specific numbers by an audit, or however
 the Court chooses to do it.

In his brief on appeal, on the other hand, Van
Sickle sets out an intricate and detailed formula for determining his back pay.
This formula asks the court to set a dollar amount on Van Sickle's wages, sick
leave, vacation time, and longevity pay. In the end, Van Sickle estimates in his
brief that he should be entitled to $186,786.15 in back pay. Putting aside for
the moment that Van Sickle's estimation on appeal does not match the amount
awarded by the trial court, after having examined the record, we have not found
any evidence demonstrating the amount of Van Sickle's weekly or monthly pay, nor
is there any evidence supporting Van Sickle's assumption that a sheriff's
deputy while away from work for injuries continues to earn and accumulate sick
leave, vacation time, and longevity pay. As a matter of fact, Pope testified
that he did not think deputies accrued sick leave while they were away from work
for an injury. Furthermore, Van Sickle has not shown what amount Tarrant County
was paying him while he was injured, so we cannot determine the amount of
underpayment, if any. (8)
On the second day of trial, which consisted
only of argument, Van Sickle's attorney presented another formula to the trial
court for determining back pay. This formula is different than the one presented
on appeal and arrives at an amount different than that ultimately awarded by the
trial court and calculated by Van Sickle on appeal. This formula determined that
"lost wages" amounted to $94,198.22. There is no evidence in the
record to support this figure, the amount proposed on appeal, or the amount
awarded by the trial court. We agree with Van Sickle's attorney's statement at
trial that Van Sickle has not "provided any specific numbers" setting
forth what he is entitled to for back pay from April 1994 to December 31, 1996.
We sustain Tarrant County's fourth issue. Because of our ruling on issue four,
we do not need to address Tarrant County's fifth issue. See
Tex. R. App. P. 47.1.
V.
Attorney's Fees
In Tarrant County's seventh issue, it argues
that the trial court erred in granting Van Sickle attorney's fees because there
is no statutory basis for the recovery of attorney's fees. Van Sickle responds
that attorney's fees may be awarded under 42 U.S.C.A. § 1988 (West 1994).
The Supreme Court of Texas has consistently
held that a prevailing party cannot recover attorney's fees from an opposing
party unless permitted by statute or by contract between the parties. See,
e.g., Holland
v. Wal-Mart Stores, Inc., 1 S.W.3d 91, 95 (Tex. 1999); Travelers
Indem. Co. v. Mayfield, 923
S.W.2d 590, 593 (Tex. 1996). Attorney's fees under section 1988 may only be
awarded to the prevailing party. 42 U.S.C.A. § 1988(b);
Globe Newspaper Co. v. Beacon Hill Architectural Comm'n, 100 F.3d 175, 195
(1st Cir. 1996). Because we will
reverse the judgment in favor of Van Sickle and render judgment in favor of
Tarrant County, Van Sickle is no longer the prevailing party and, thus, is no
longer entitled to attorney's fees. Globe
Newspaper, 100 F.3d at 195. We sustain Tarrant County's seventh issue.
VI. The Findings of Fact
and Conclusions of Law
In Tarrant County's eighth issue, it states
that the "trial court's denial of additional requested findings of fact and
conclusions of law does not permit the judgment to be upheld on the basis of
deemed findings supportive of the plaintiff's remaining theories of
liability." Tarrant County, however, has failed to set forth how this
resulted in error, nor has it presented a clear and concise argument for
reversal on this issue. See Tex.
R. App. P. 38.1(h). It has also not asked this court for relief on this issue or
told the court how it would like the court to rule. We
overrule issue eight as inadequately briefed.
See Elgaghil v. Tarrant County Junior College, 45 S.W.3d 133, 145 (Tex.
App.--Fort Worth 2000, pet. denied).
VII. Conclusion
Because we have sustained issues one, four,
six, and seven, we reverse the trial court's judgment, permanent injunction, and
award of back pay and attorney's fees and render judgment in favor of Tarrant
County, dissolving the permanent injunction, removing any obligation imposed on
Tarrant County by the trial court's judgment to reinstate Van Sickle's full
salary and benefits and to pay such salary and benefits until his retirement,
and removing any obligation under the trial court's judgment that Tarrant County
pay Van Sickle back pay and attorney's fees.
 
                                                                         
SAM J. DAY
                                                                                       
JUSTICE
 
PANEL A: DAY, DAUPHINOT, and HOLMAN, JJ.
[DELIVERED JANUARY 30, 2003]

1. Van Sickle filed a motion to dismiss his appeal on
April 17, 2001. We granted the motion on May 3, 2001.
2. Pope testified that sheriff's deputies in Tarrant
County are formally sworn in on midnight on the first day of the sheriff's new
term.
3. In Van Sickle's appendix to his brief, he included as
an exhibit a one-page document purporting to be a portion of the "Tarrant
County Rules of Civil Service." Because this document was never entered
into the record, we will not consider it. See
K-Six Television, Inc. v. Santiago, 75 S.W.3d 91, 96-97 (Tex. App.--San
Antonio 2002, no pet.).
4. Van Sickle relies on Davis in support of his
position that he is entitled to constitutional due process before termination.
The evidence in Davis, however, included Bexar County's Civil Service
Rules that stated sheriff's deputies could not be dismissed except for cause.
802 S.W.2d at 661 n.2. That evidence is lacking in this case.
5. The trial court also found that Van Sickle was a
Tarrant County Civil Service employee and was "not subject to term
limitations requiring re-appointment by the Sheriff at the end of the Sheriff's
Term of Office." [cr185] Even if this finding of fact is true, because
there is no evidence in the record of the protections afforded sheriff's
deputies under the Tarrant County Civil Service Rules, this court cannot
determine whether Tarrant County did anything improper under those rules with
regard to the way Van Sickle's employment ended.
6. Courts have held that article III, section 52e's
provision providing sheriff deputies with "term" employment does not
implicitly overrule local government code section 85.003(c)'s at-will employment
of sheriff's deputies. See Hill, 754 S.W.2d at 268 (interpreting former
Tex. Rev. Civ. Stat. Ann. art. 6869, Act of May 20, 1929, 41st Leg.,
1st C.S., ch. 113, 26 Tex. Gen. Laws 283, 283-84 (repealed 1987)
(current version at Tex. Local Gov't Code. Ann. § 85.003)); Samaniego,
737 S.W.2d at 90 (same). We agree that these provisions can be interpreted
consistently.
7. Van Sickle also claims that the Family Medical Leave
Act (FMLA), 29 U.S.C.A. § 2601, preempts Tarrant County's civil service rules
and provides him with continued benefits. In response to Tarrant County's eighth
issue, however, Van Sickle claims that he did not advance FMLA theories of
recovery at trial. Thus, he waived his right to recover under the FMLA, and we
will not address his FMLA argument in response to issue six. See
Sun Exploration & Prod. Co. v. Benton, 728 S.W.2d 35, 37 (Tex. 1987)
("Waiver is an intentional relinquishment of a known right or intentional
conduct inconsistent with claiming that right.").
8. At trial, Van Sickle presented evidence of his
temporary income benefits (TIBS) received in the form of workers' compensation
in support of his claim for back pay. On appeal, he argues that the weekly TIBS
amount he received equates to 70% of his weekly salary, pursuant to section
408.103(a) of the labor code. Tex. Lab. Code Ann. § 408.103(a) (Vernon 1996)
("Subject to Sections 408.061 and 408.062 [of the labor code], the amount
of a temporary income benefit is equal to . . . 70 percent of the amount
computed by subtracting the employee's weekly earnings after the injury from the
employee's average weekly wage."). There is no evidence in the record to
support this argument. Under sections 408.047 and 408.61, a temporary income
benefit may not exceed 100% of the state average weekly wage, or "the
annual average of the average weekly wage of manufacturing production workers in
this state, as determined by the Texas Employment Commission." Id.
§§ 408.047, 408.061(a). Because there is no evidence to negate the possibility
that 70% of Van Sickle's weekly salary was higher than 100% of the state average
weekly wage, we cannot assume that Van Sickle's temporary income benefits
represent 70% of his weekly salary.