In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-477 CV


____________________



JAMES VANDEVENDER, Appellant



V.



HONORABLE G. MITCH WOODS, IN HIS OFFICIAL CAPACITY AS


SHERIFF OF JEFFERSON COUNTY, TEXAS AND


JEFFERSON COUNTY, TEXAS, Appellees






On Appeal from the 58th District Court


Jefferson County, Texas


Trial Cause No. A-167,686






OPINION


 Our prior opinion is withdrawn and the following opinion is issued. The motion for
rehearing is overruled. 

 Appellant James VanDevender filed a declaratory judgment action in which he
alleged appellees failed to pay his full salary during a second term after he sustained an on-the-job injury in his first term of employment as a deputy sheriff. See Tex. Const. art.
III, § 52e (Vernon 1997). VanDevender sought a judgment declaring appellees were to
pay his full salary until he returned to work, fully recovered, or through the end of the
second term, whichever occurred first. He cited article III, section 52e of the Texas
Constitution, which provides as follows:

 Each county in the State of Texas is hereby authorized to pay all medical
expenses, all doctor bills and all hospital bills for Sheriffs, Deputy Sheriffs,
Constables, Deputy Constables and other county and precinct law
enforcement officials who are injured in the course of their official duties;
providing that while said Sheriff, Deputy Sheriff, Constable, Deputy
Constable or other county or precinct law enforcement official is hospitalized
or incapacitated that the county shall continue to pay his maximum salary; 
providing, however, that said payment of salary shall cease on the expiration
of the term of office to which such official was elected or appointed. 
Provided, however, that no provision contained herein shall be construed to
amend, modify, repeal or nullify Article 16, Section 31, of the Constitution
of the State of Texas. 


Id. The parties stipulated VanDevender was acting in the course and scope of his
employment when he was injured on April 11, 2000. (1) He returned to work on August 14,
2000. The Sheriff's term ended on December 31, 2000. The Sheriff was elected to
another four-year term, which began on January 1, 2001. VanDevender was re-deputized,
and he suffered another period of disability beginning March 2, 2001. He testified this
second period of disability was caused by the injury of April 11, 2000.

 After a bench trial, the trial court entered judgment that VanDevender take nothing.
The court found as follows: the evidence neither proved nor disproved VanDevender's
current disability was caused by his on-the-job injury; VanDevender was paid the
constitutional benefit to which he was entitled; and VanDevender's entitlement to
constitutional benefits ended on December 31, 2000, concurrently with the end of the
Sheriff's term. (2)

 VanDevender argues the trial court misinterpreted article III, section 52e of the
Texas Constitution. See Tex. Const. art. III, § 52e (Vernon 1997). VanDevender
contends the constitutional provision is in essence a workers' compensation provision and
must be liberally construed in favor of the injured worker. He cites The Kroger Co. v.
Keng, 23 S.W.3d 347 (Tex. 2000), in which the Supreme Court stated, "it would be
injudicious to construe the statute [worker's compensation] in a manner that supplies by
implication restrictions on an employee's rights that are not found in [the section's] plain
language." Id. at 349. VanDevender contends the constitutional provision should be
construed to permit the payment of his full salary during a second term of employment in
which the disability continued. 

 When section 52e was adopted, county law enforcement officers were not entitled
to receive workers' compensation benefits. Frasier v. Yanes, 9 S.W.3d 422, 424 (Tex.
App.--Austin 1999, no pet.). The workers' compensation statute was amended in 1973 to
provide coverage for law enforcement officers. Id. at 425. Appellees argue that
construing the constitutional provision as VanDevender asks would ignore the plain
language of the provision and would create "a windfall never envisioned or intended by
the framers of the amendment at issue." Appellees assert a sheriff receives a limited
budget to staff the office, and the construction VanDevender advocates may encourage a
particular sheriff to reappoint or not reappoint a deputy based solely on the possibility of
future incapacity. Under VanDevender's construction, if a deputy continued to be
reappointed for each new term, a county would be required to continue full salary
payments during incapacity; if a deputy was not reappointed, the continued salary
payments would be prohibited. Appellees argue constitutional rights are not normally
"bestowed or not bestowed by the whim of an elected official."

 When interpreting the Texas Constitution, courts presume its language was carefully
selected and construe its words as they are generally understood. Spradlin v. Jim Walter
Homes, Inc., 34 S.W.3d 578, 580 (Tex. 2000) (citing City of Beaumont v. Bouillion, 896
S.W.2d 143, 148 (Tex. 1995)). Courts "rely heavily on the plain language of the
Constitution's literal text." Id. (citing Republican Party v. Dietz, 940 S.W.2d 86, 89 (Tex.
1997)). Effect is to be given to all phrases of a constitutional provision. See In Interest
of McLean, 725 S.W.2d 696, 697-98 (Tex. 1987)). 

 Article III, section 52e states the required "maximum salary" payment during the
incapacity shall cease on the expiration of the term of office to which the official was
elected or appointed. Tex. Const. art. III, § 52e (Vernon 1997). A deputy sheriff's term
expires when the sheriff's term expires. Samaniego v. Arguelles, 737 S.W.2d 88, 90 (Tex.
App.--El Paso 1987, no writ). In Samaniego, the court explained that "[t]he recovery of
working capacity or the consequent expiration of the coincident term of the sheriff,
whichever comes first, would proscribe the deputy's claim." Samaniego, 737 S.W.2d at
90. The Samaniego court held a sheriff's discharge of an at-will deputy in mid-term did
not affect the deputy's right to receive his full salary during incapacity until the end of the
term. Id. VanDevender characterizes Samaniego as a case in which the court "declined
the opportunity to interpret the constitutional provision in a manner that would restrict or
limit the benefits afforded to injured law enforcement officers." However, Samaniego
does not support the interpretation of Article III, section 52e that VanDevender asks us to
adopt. See id. To the contrary, the Samaniego court explained the expiration of the term
of office would proscribe the claim if the term expired before the deputy recovered
working capacity. Id; see also Tarrant County v. Van Sickle, 98 S.W.3d 358, 364 (Tex.
App.--Fort Worth 2003, pet. denied). 

 In Tarrant Co. v. Van Sickle, the court held an injured deputy's constitutional right
to full salary during incapacity ended when the sheriff's term ended. See id. In so holding
the court said that "absent a formal rehiring of a deputy at the beginning of the sheriff's
next term, the Texas Constitution prohibits a county from paying the deputy hired during
the sheriff's previous term once the term expires." Id. The court held the trial court erred
in ordering the county to pay Van Sickle his salary until the effective date of his retirement. 
The Van Sickle court did not answer the somewhat different question presented here:
whether the Texas Constitution requires a county to pay the full salary during incapacity
if the deputy is rehired for an additional term or terms.

 We conclude that to construe the provision as VanDevender asks would fail to give
effect to the plain meaning of the clause requiring the salary payment for an injury cease
on the expiration of the term of office to which the official was elected or appointed. 
Given the requirement in the limiting phrase that the payments "shall cease" on expiration
of the term, we cannot construe the provision to give additional length to the "incapacity"
phrase. The provision uses the word "term," not "terms," to describe the limitation on
the required payment. As the court noted in County of El Paso v. Hill, 754 S.W.2d 267,
268 (Tex. App.--El Paso 1988, writ denied), "[t]he time of the injury in relation to the
remaining days of the term can produce unequal recovery on the part of different deputy
beneficiaries." Nevertheless, the Hill court held entitlement to salary continuation ceases
at the end of the term or the date of recovery, "whichever comes first." Id. VanDevender
states Hill is distinguishable because the injured deputy in Hill was not re-deputized when
a newly-elected sheriff took office. See id. at 267. However, nothing in Hill suggests the
court would have reached a different result if the deputy had been re-deputized for a
second term. Rather, the court held the limitation was tied to the expiration of the term
even if the incapacity continued beyond the end of the term. See id.

 We conclude the trial court did not err in construing article III, section 52e. See
Tex. Const. art. III, § 52e (Vernon 1997). VanDevender's third issue is overruled. 
Because of this resolution of issue three, we need not address issues one and two. The
judgment of the trial court is affirmed. 

 AFFIRMED. 



 

 DAVID GAULTNEY 

 Justice


Submitted on May 6, 2005

Opinion Delivered October 20, 2005


Before Gaultney, Kreger and Horton, JJ.

 
1. VanDevender denied any other on-the-job injury occurred.
2. VanDevender does not dispute the trial court's finding of fact that he was paid his
constitutional benefits from the date of his injury through December 31, 2000. His
entitlement to workers' compensation benefits is not at issue in this case.