**Honorable G. Mitch WOODS, in his Official Capacity as Sheriff of Jefferson County, Texas and Jefferson County, Texas, Appellants,**

**v.**

**James VANDEVENDER, Appellee.**

No. 09–08–00377–CV.

Court of Appeals of Texas, Beaumont.

Submitted Jan. 15, 2009.

Decided Aug. 31, 2009.

276

Tom E. Maness, Crim. Dist. Atty., Thomas F. Rugg, First Asst. Dist. Atty., Beaumont, for appellants.

B. Craig, Philip Durst, Deats Durst Owen & Levy, P.L.L.C., Austin, Richard L. Aman, C.L.E.A.T. Senior Staff Atty., Houston, for appellee.

Before McKEITHEN, C.J., KREGER and HORTON, JJ.

## OPINION

CHARLES KREGER, Justice.

James VanDevender, a former Jefferson County deputy sheriff, filed suit against Jefferson County Sheriff G. Mitch Woods ("Sheriff Woods") and Jefferson County, Texas, after the County stopped paying his full salary benefit during a period of incapacity caused by an injury he sustained in the course of his official duties during a prior term of office. While VanDevender's injury occurred in one term of office, the period of incapacity that is at issue in this case occurred in a subsequent term of office, after VanDevender was re-appointed as a deputy sheriff. After a previous trial before another judge and an appeal resulting in a remand to the trial court, the trial court entered a declaratory judgment in which it found that article III, section 52e of the Texas Constitution entitled VanDevender to receive his full salary benefit during the period of incapacity. We affirm the judgment of the trial court.

## FACTUAL BACKGROUND

VanDevender was injured in the course of his official duties on April 11, 2000. He suffered a period of incapacity, but returned to work four months later and completed his term of office, which ended on December 31, 2000. On January 1, 2001, VanDevender was re-appointed as a deputy sheriff by Sheriff Woods and began another term. On March 2, 2001, VanDevender underwent surgery related to his April 11, 2000 injury. Following surgery, VanDevender was incapacitated for the remainder of his term of office, which expired on December 31, 2004. In January 2005, Sheriff Woods was elected to another four-year term, but he exercised his discretion not to re-deputize VanDevender to another term.

## PROCEDURAL BACKGROUND

After Jefferson County stopped paying his full salary benefit, VanDevender filed suit in February 2002 against Jefferson County and against Sheriff Woods, in his official capacity as Sheriff (hereinafter collectively referred to as "Jefferson County"). In his suit, VanDevender sought a declaratory judgment that, pursuant to the Texas Constitution, he was entitled to receive his full salary from March 1, 2001, through December 31, 2004.

After the first bench trial, which was before a different judge than the one who conducted the present proceedings, the trial court awarded VanDevender nothing. VanDevender then appealed to this court. On appeal, we held that the Constitution

did not allow a recovery, although we also noted the trial court's finding that "the evidence neither proved nor disproved VanDevender's current disability was caused by his on-the-job injury," and affirmed the judgment of the trial court. *See VanDevender v. Woods,* 175 S.W.3d 545, 546, 548 (Tex.App.-Beaumont 2005), *rev'd,* 222 S.W.3d 430 (Tex.2007).

VanDevender then appealed to the Texas Supreme Court. The Court held that we erred in failing to first address whether VanDevender's incapacity during the period at issue had resulted from his job-related injury before addressing the constitutional question. *VanDevender v. Woods,* 222 S.W.3d 430, 431 (Tex.2007). The Court concluded that "whether [the Texas Constitution] limits maximum salary to the term in which VanDevender's injury/incapacity first occurred is immaterial to the outcome of this case unless the April 2000 injury caused his disability in the subsequent term." *Id.* at 433. The Court vacated this court's prior judgment and remanded the case to us to allow us to address whether VanDevender had proven that his incapacity was related to his on-the-job injury. *Id.*

On remand to this court, the parties jointly requested that we remand the case, in the interest of justice, to the trial court for a new trial on causation and all other issues. *VanDevender v. Woods,* No. 09–04–477–CV, 2007 WL 4208726, at *1 (Tex. App.-Beaumont Nov. 29, 2007, no pet.) (mem. op.). After we remanded the case to the trial court, VanDevender filed a motion for summary judgment. In his motion, VanDevender argued that he was entitled to receive his full salary continuation benefits through December 31, 2004, and that his summary judgment evidence established as a matter of law that his period of incapacity that began in 2001

resulted from his on-the-job injury of April 11, 2000.

In response, Jefferson County agreed that VanDevender's expert affidavit "support[ed] a finding by [the trial] court that the period of disability claimed by [VanDevender] beginning in 2001 is causally related to the injury he suffered in 2000." However, Jefferson County argued that our previous decision on the constitutional issue was binding on the trial court.

VanDevender responded by filing a supplemental motion, arguing that the Texas Constitution "does not require termination of salary continuation [benefits] to an injured law enforcement officer for [an] incapacity that extends into another term of office when the officer has been reappointed for that additional term." The trial court granted summary judgment in favor of VanDevender and found:

> [T]he Court finds and declares that plaintiff's injury sustained on April 11, 2000 (which has been agreed to as being sustained in the course of plaintiff's official duties as a deputy sheriff employed by defendants) caused plaintiff's incapacity in his January 1, 2001 to December 31, 2004 term of office. The Court grants plaintiff's motion, in part, because it finds and declares, based upon the summary judgment record, that plaintiff's incapacity from March 2, 2001, through December 31, 2004, resulted from the injury he sustained in the course of his official duties on April 11, 2000.
>
> . . . .
>
> Plaintiff is further entitled to declaratory relief declaring that TEX. CONST. Art. III, § 52(e) does not bar him from recovering Salary Continuation Benefits for his period of incapacity starting in 2001 because that incapacity occurred in a prior "term of office" than the injury sustained in the course of his official

duties for defendants because he was reappointed to that later term of office. This appeal followed.

## ISSUES

Jefferson County asserts two issues on appeal: 1) whether the trial court erred in ruling that article III, section 52e of the Texas Constitution requires the payment of salary continuation benefits to VanDevender during a second period of disability following the term of office in which the original injury, incapacity, and receipt of benefits occurred; and 2) whether our court's prior opinion bound the trial court with respect to whether the Texas Constitution prohibits the payment of salary benefits for the period of incapacity in issue. VanDevender contends that (1) article III, section 52e allows salary continuation benefits to be paid to an injured officer for incapacity that extends into another term when the officer has been reappointed for that additional term; and (2) the "law of the case doctrine" does not govern the resolution of this appeal. Before we address the merits of the constitutional issue, we address whether we are bound by our previous determination.

## LAW OF THE CASE DOCTRINE

The "law of the case" doctrine provides that when a decision is made on a question of law by a court of last resort, that decision will govern the case in subsequent stages. *City of Houston v. Jackson,* 192 S.W.3d 764, 769 (Tex.2006). The rationale behind the doctrine is the narrowing of the issues in successive stages of the litigation to achieve uniformity of decision as well as judicial economy and efficiency. *Briscoe v. Goodmark Corp.,* 102 S.W.3d 714, 716 (Tex.2003). On the other hand, "a conclusion reached by an intermediate appellate court does not bar reconsideration of the initial conclusion in a subsequent appeal[.]" *Jackson,* 192 S.W.3d at 769.

Application of the doctrine is discretionary and depends on the particular circumstances surrounding a given case. *Briscoe,* 102 S.W.3d at 716. The Texas Supreme Court explained that,

'[i]t would be unthinkable for [the court], after having granted the writ, reconsidered the case, and arrived at the conclusion that the opinion on the former appeal was clearly erroneous, to hold that it is bound by considerations of consistency to perpetuate that error. Our duty to administer justice under the law, as we conceive it, outweighs our duty to be consistent.'

*Id.* at 716–17 (quoting *Conn. Gen. Life Ins. Co. v. Bryson,* 148 Tex. 86, 219 S.W.2d 799, 800 (1949)). Pursuant to these principles, in appeals after remand, our sister courts have revisited prior decisions called into question by intervening higher-court decisions. *See Tex. Parks & Wildlife Dept. v. Dearing,* 240 S.W.3d 330, 348 (Tex.App.-Austin 2007, pet. denied).

"[W]hile the law-of-the-case doctrine contemplates situations where prior appellate court decisions on legal questions should be reconsidered in appeals after remand, it is the appellate court—not the lower court—who decides whether it is appropriate to do so." *Dearing,* 240 S.W.3d at 348. Though the merit of our prior decision on the constitutional issue before us has not been called into question by an intervening higher-court decision, our prior judgment has been vacated. *See VanDevender,* 222 S.W.3d at 433. Application of the law of the case doctrine is discretionary and does not bar us from revisiting the constitutional issue in the present case. *See Briscoe,* 102 S.W.3d at 716. Both the trial court and this court now benefit from additional briefing by the parties on the constitutional issue and evidence relevant to legislative intent. Addi-

tionally, our prior judgment was vacated by the Texas Supreme Court. Consequently, we find no error in the trial court's decision to re-address the constitutional issue, and we are likewise not bound by our prior opinion. We overrule issue two.

## CONTINUATION OF SALARY BENEFITS

Article III, section 52e of the Texas Constitution authorizes payment of a deputy sheriff's salary for certain periods after the deputy is injured in the course of his duties and he is unable to work. *See* TEX. CONST. art. III, § 52 e. Section 52e provides as follows:

> Each county in the State of Texas is hereby authorized to pay all medical expenses, all doctor bills and all hospital bills for Sheriffs, Deputy Sheriffs, Constables, Deputy Constables and other county and precinct law enforcement officials who are injured in the course of their official duties; providing that while said Sheriff, Deputy Sheriff, Constable, Deputy Constable or other county or precinct law enforcement official is hospitalized or incapacitated that the county shall continue to pay his maximum salary; providing, however, that said payment of salary shall cease on the expiration of the term of office to which such official was elected or appointed. Provided, however, that no provision contained herein shall be construed to amend, modify, repeal or nullify Article 16, Section 31, of the Constitution of the State of Texas.

*Id.* The constitutional question in this case, as framed by the Texas Supreme Court, is whether "the Constitution's restriction that the full-salary benefit cease 'on the expiration of the term of office' mean[s] that VanDevender's salary expires when his initial 'injury/incapacity' term expires, even though his incapacity may persist or reoccur in a subsequent term, or does his reappointment extend the benefit so long as he remains a duly-sworn deputy?" *VanDevender*, 222 S.W.3d at 432. We review the trial court's conclusion of law on this issue de novo. *Johnston v. McKinney Am., Inc.*, 9 S.W.3d 271, 277 (Tex.App.-Houston [14th Dist.] 1999, pet. denied).

When this issue was previously before us, we concluded that VanDevender's right to receive salary continuation benefits ceased at the end of the term in which he was injured, and we held that the trial court properly held that VanDevender's entitlement to benefits could not extend beyond the expiration of the term in which he was injured. *See VanDevender*, 175 S.W.3d at 547-48. We reasoned that the provision uses the word "term," not "terms," to describe the limitation and concluded that we could not construe the provision to give additional length to the incapacity phrase. *Id.*

Now, the record is more fully developed and provides further detail regarding the legislative history surrounding the adoption of section 52e. The language that appeared on the voters' ballot in 1967 when section 52e was adopted did, indeed, include the word "terms" and not the singular, which lends support to VanDevender's interpretation and compels us to look at the intent behind the provision. The provision appeared as follows:

> [T]he Amendment to the Constitution authorizing each county in this state to pay the medical bills, doctor bills and hospital bills for all Sheriffs, Deputy Sheriffs, Constables, Deputy Constables and other county and precinct law enforcement officials who are injured in the course of their official duties; providing that the county shall continue to pay the maximum salary of those officials while they are incapacitated, but

such salary payment *shall not continue beyond the **terms*** *of office* to which they were elected or appointed.

Tex. S.J. Res. 6, 60th Leg., R.S., 1967 Tex. Gen. Laws 2969 (emphasis added).

■ When interpreting the Texas Constitution, we are to rely heavily on its literal text, and are to give effect to its plain language. *Republican Party of Tex. v. Dietz,* 940 S.W.2d 86, 89 (Tex.1997). We use the same guidelines in interpreting constitutional provisions as we do in interpreting statutes. *See Stine v. State,* 908 S.W.2d 429, 431 (Tex.Crim.App.1995); *Mellon Serv. Co. v. Touche Ross & Co.,* 946 S.W.2d 862, 867 (Tex.Civ.App.-Houston [14th Dist.] 1997, no writ). "We also may consider such things as the purpose of the constitutional provision, the historical context in which it was written, the collective intent, if it can be ascertained, of the framers and the people who adopted it." *Dietz,* 940 S.W.2d at 89; *see also Dewhurst v. Hendee,* 253 S.W.3d 320, 336 (Tex.App.-Austin 2008, pet. denied) (citing *Stringer v. Cendant Mortg. Corp.,* 23 S.W.3d 353, 355 (Tex.2000)). " 'The fundamental rule for the government of courts in the interpretation or construction of a Constitution is to give effect to the intent of the people who adopted it.' " *Dir. of Dep't. of Argic. & Env't v. Printing Indus. Ass'n of Tex.,* 600 S.W.2d 264, 267 (Tex.1980) (quoting *Cox v. Robison,* 105 Tex. 426, 150 S.W. 1149, 1151 (1912)). As a general rule, words used in the state constitution should be construed liberally and in an equitable manner, so as to achieve the purpose of the provision of which they are a part. *Brown County Water Improvement Dist. No. 1 v. Austin Mill & Grain Co.,* 135 Tex. 140, 138 S.W.2d 523, 525 (1940). In particular, a remedial constitutional provision is to be construed liberally to carry out its purposes. *Ferguson v. Wilcox,* 119 Tex. 280, 28 S.W.2d 526 (1930).

■ Jefferson County interprets the provision to mean that payment of salary shall cease on the expiration of the term of office in which the injury first occurred. However, when the amendment was proposed, the Texas Legislative Council indicated that the proposed amendment was necessary to circumvent article III, section 52, which prohibits a grant or loan of public funds to private individuals or entities. *See* Tex. Leg. Council, 6 Proposed Constitutional Amendments Analyzed, at 13 (general election Nov. 11, 1967). Thus, the amendment "provides an exception in favor of county payment of county and precinct law enforcement officials' medical expenses resulting from injuries occurring during the performance of their official duties. It also permits payment of maximum salaries to these officers during their incapacitation or hospitalization." *Id.* We conclude that one of the purposes of the amendment was to overcome constitutional restrictions that prohibited the government's payment of public funds to private individuals by specifically authorizing these payments to law enforcement officers who suffered a service-related disability while employed by the county as a law enforcement officer.

In further reviewing the historical context in which section 52e was written and adopted, in its analysis of proposed constitutional amendments, the Texas Legislative Council set forth the following analysis of section 52e:

> Counties should be allowed to pay medical expenses of county and precinct law enforcement officials who are injured while performing their official duties. These officers are not now covered by workmen's compensation, and the financial burden placed upon them and their families by injury in the line of duty is

often insurmountable.[1]

*Id.* The intent of section 52e, when adopted, was "to insure the sustenance of law enforcement officials who were incapacitated in the course of official duties." *Samaniego v. Arguelles,* 737 S.W.2d 88, 89 (Tex.App.-El Paso 1987, no writ). The Attorney General noted that the danger of the work made it necessary for the government to provide these incentives to law-enforcement personnel. *See* Op. Tex. Att'y Gen. No. LO–93–62 (1993). Reading this remedial measure broadly more adequately accomplishes that goal.

The proposed amendment, as it was presented to the voters, provided for the salary continuation benefit during any period of incapacity so long as the law enforcement official was serving a term of office for the County. *See* Tex. S.J. Res. 6, 60th Leg., R.S., 1967 Tex. Gen. Laws 2969. To avoid the prohibition of payment of public funds to one who is not a public employee, the amendment provided that the benefit terminate at the end of each term of office. However, section 52e, does not expressly limit the benefit to the single term of initial "injury/incapacity." *See* Tex. Const. art. III, § 52e.

The grammatical rule of the doctrine of the last antecedent provides that a limiting clause or phrase should ordinarily be read as modifying only the noun or phrase that it immediately follows. *Derwen Res., LLC v. Carrizo Oil & Gas, Inc.,* No. 09–07–00597–CV, 2008 WL 6141597, at *5 (Tex.App.-Beaumont May 21, 2009, pet. filed) (mem. op.). Usually, a proviso containing the words "provided that" before a sentence or clause, states an exception to the preceding sentence or clause.[2] The constitutional provision at issue contains two such provisos after the broader statement allowing counties to pay medical expenses of officers injured in the course of their official duties. The meaning and effect of the provisos are the focus of our interpretive efforts in this appeal.

In applying the doctrine of the last antecedent to section 52e, the phrase "on the expiration of the term of office" is contained in a proviso intended to modify or further describe the phrase that it immediately follows, i.e., the provision requiring payment of maximum salary to the injured officer "while said ... [county] official is hospitalized or incapacitated." To circumvent the constitutional prohibitions of section 52, payment of salary continuation

1. We recognize that section 52e was proposed and adopted in 1967, when county law enforcement officials were not covered by workers' compensation. *Frasier v. Yanes,* 9 S.W.3d 422, 424 (Tex.App.-Austin 1999, no pet.). The legislative history of section 52e sets forth lack of workmen's compensation and difficulty recruiting law enforcement personnel as the two primary reasons for the amendment. *See* Tex. Leg. Council, 6 Proposed Constitutional Amendments Analyzed, at 13 (general election Nov. 11, 1967). The workers' compensation statute was amended in 1973 to provide coverage for law enforcement officers. *Frasier,* 9 S.W.3d at 425. However, in 1987, the legislature amended the workers' compensation statute to make clear that counties were entitled to offset any payments under section 52e by the amount an officer was to receive under the Workers' Compensation

statute, effectively eliminating concerns regarding the potential for double recovery or "double dipping." *See* Tex. Lab Code Ann. § 504.051 (Vernon 2006); *Frasier,* 9 S.W.3d at 425.

2. "Legal-drafting authorities have long warned against using *provided that.* The phrase has three serious problems: (1) its meaning is often unclear, since it can create a condition, an exception, or an add-on; (2) its reach is often unclear, especially in a long sentence; and (3) it makes your sentence sprawl and creates more margin-to-margin text. You're better off never using the phrase." Bryan A. Garner, *Legal Writing in Plain English* § 36, at 107 (Univ. of Chicago Press 2001) (footnote omitted).

benefits had to be restricted by the proviso to periods of hospitalization or incapacity incurred during a term or period when the officer was a duly sworn deputy and not thereafter.

■ Having examined the legislative history of the amendment and by applying the pertinent rules of constitutional construction to article III, section 52e of the Texas Constitution, we find it unclear whether the drafters intended to restrict the payment of salary continuation benefits solely to the term of office in which the original injury occurred. Instead, the legislative history tends to indicate that such benefits are available for any period of incapacity or hospitalization, caused by an injury incurred in the course of the officer's official duties, while the officer is a duly sworn deputy employed by the county. Because VanDevender was injured in the course of his official duties, suffered a period of incapacity caused by such injuries, during a term of office in which he was a duly sworn deputy employed by the county, he qualifies for the required supplemental salary continuation benefits.

We hold that the trial court did not err in holding that article III, section 52e of the Texas Constitution does not bar VanDevender from recovering salary continuation benefits during his 2001 term of office for an incapacity that resulted from an on-the-job injury that occurred during his prior term of office. *See* TEX. CONST. art. III, § 52e. We overrule issue one and affirm the judgment of the trial court.

AFFIRMED.

STEVE McKEITHEN, Chief Justice, dissenting.

I respectfully dissent. The majority ignores the plain language of article III, section 52e of the Texas Constitution. *See* TEX. CONST. art. III, § 52e. Specifically, the majority ignores the difference between the singular ("term") and the plural ("terms") in interpreting section 52e. *See Spradlin v. Jim Walter Homes, Inc.,* 34 S.W.3d 578, 580 (Tex.2000) (When interpreting the Texas Constitution, courts presume its language was carefully selected, construe its words as they are generally understood, and "rely heavily on the plain language of the Constitution's literal text.").

Article III, section 52e expressly uses the singular word "term" rather than "terms" in providing for continuation of salary payments. TEX. CONST. art. III, § 52e. However, rather than interpreting the constitutional provision itself according to its plain meaning, the majority instead focuses on the use of the plural in the 1967 ballot, on which the proposed amendment was presented to voters. In its analysis, the majority ignores the remainder of the 1967 joint senate resolution, as well as the text of the ultimately adopted constitutional amendment, both of which use the word "term" rather than "terms." *See id.;* Tex. S.J. Res. 6, 60th Leg., R.S., 1967 Tex. Gen. Laws 2969. I believe we set sail into treacherous waters when we use language appearing in a ballot and other such legislative history to modify the plain meaning of the language contained in the constitutional provision itself. Because I cannot agree with the majority's interpretation of article III, section 52e, I respectfully dissent.