In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-477 CV


____________________



JAMES VANDEVENDER, Appellant



V.



HONORABLE G. MITCH WOODS, IN HIS OFFICIAL CAPACITY AS


SHERIFF OF JEFFERSON COUNTY, TEXAS AND


JEFFERSON COUNTY, TEXAS, Appellees






On Appeal from the 58th District Court


Jefferson County, Texas


Trial Court No. A-167,686






MEMORANDUM OPINION


 Appellant, James VanDevender, filed a declaratory judgment action, in which he
alleged appellees failed to continue to pay his full salary after he sustained an on-the-job
injury while employed as a deputy sheriff. See Tex. Const. art. III, § 52e (Vernon 1997). 
VanDevender sought a judgment declaring appellees were to pay his full salary until he
returned to work, fully recovered, or through December 31, 2004, whichever occurred
first. VanDevender sought all salary and associated benefits pursuant to article III, section
52e of the Texas Constitution. Id. 

 After a bench trial, the trial court entered judgment that VanDevender take nothing.
The trial court filed findings of fact and conclusions of law. The court found the evidence
neither proved nor disproved VanDevender's current disability was caused by the on-the-job injury, VanDevender was paid the constitutional benefit to which he was entitled, and
VanDevender's entitlement to constitutional benefits ended on December 31, 2000,
concurrently with the end of Sheriff Woods's term. (1)

 VanDevender says the trial court misinterpreted article III, section 52e of the Texas
Constitution. See Tex. Const. art. III, § 52e (Vernon 1997). We review the trial court's
conclusions of law de novo. Johnston v. McKinney Am., Inc., 9 S.W.3d 271, 277 (Tex.
App.--Houston [14th Dist.] 1999, pet. denied). Article III, section 52e of the Texas
Constitution provides as follows:

 Each county in the State of Texas is hereby authorized to pay all medical
expenses, all doctor bills and all hospital bills for Sheriffs, Deputy Sheriffs,
Constables, Deputy Constables and other county and precinct law
enforcement officials who are injured in the course of their official duties;
providing that while said Sheriff, Deputy Sheriff, Constable, Deputy
Constable or other county or precinct law enforcement official is hospitalized
or incapacitated that the county shall continue to pay his maximum salary; 
providing, however, that said payment of salary shall cease on the expiration
of the term of office to which such official was elected or appointed. 
Provided, however, that no provision contained herein shall be construed to
amend, modify, repeal or nullify Article 16, Section 31, of the Constitution
of the State of Texas. [emphasis added]

 When interpreting the Texas Constitution, courts presume its language was carefully
selected and construe its words as they are generally understood. Spradlin v. Jim Walter
Homes, Inc., 34 S.W.3d 578, 580 (Tex. 2000) (citing City of Beaumont v. Bouillion, 896
S.W.2d 143, 148 (Tex. 1995)). Courts "rely heavily on the plain language of the
Constitution's literal text." Id. (citing Republican Party v. Dietz, 940 S.W.2d 86, 89 (Tex.
1997)). Effect is to be given to all phrases of a constitutional provision. See In Interest
of McLean, 725 S.W.2d 696, 697-98 (Tex. 1987)). 

 The parties stipulated VanDevender was acting in the course and scope of his
employment when he was injured on April 11, 2000. (2) He returned to work on August 14,
2000. The parties stipulated Sheriff Woods's term ended on December 31, 2000. In
November of 2000, Sheriff Woods was elected to another four-year term, which began on
January 1, 2001. VanDevender was redeputized and he suffered another period of
disability beginning March 2, 2001. He testified this second period of disability was
caused by the injury of April 11, 2000.

 A deputy sheriff's term expires when the sheriff's term expires. Samaniego v.
Arguelles, 737 S.W.2d 88, 90 (Tex. App.--El Paso 1987, no writ). Article III, section 52e
expressly states the authorized payment of salary for an on-the-job injury is to cease on the
expiration of the term of office to which the official was elected or appointed. Tex.
Const. art. III, § 52e (Vernon 1997). In Samaniego, the court explained "[t]he recovery
of working capacity or the consequent expiration of the coincident term of the sheriff,
whichever comes first, would proscribe the deputy's claim." Samaniego, 737 S.W.2d at
90. 

 VanDevender would have the payment of his salary continue in a second term
during which the disability continued even though he did not suffer an injury in the second
term. Under this interpretation, salary payments would continue as long as the incapacity
continued. This interpretation would give effect only to the "incapacity" portion of the
provision. However, the constitutional provision also limits the salary continuation to the
term in which the injury occurred; the provision uses the word "term", not "terms", to
describe the limitation. To construe the provision as VanDevender asks would fail to give
effect to the plain meaning of the clause requiring the salary payment for an injury cease
on the expiration of the term of office to which the official was elected or appointed. As
the court noted in County of El Paso v. Hill, 754 S.W.2d 267, 268 (Tex. App.--El Paso
1988, writ denied), "[t]he time of the injury in relation to the remaining days of the term
can produce unequal recovery on the part of different deputy beneficiaries." Nevertheless,
entitlement to salary continuation ceases at the end of the term or the date of recovery,
"whichever comes first." See id. 

 The trial court did not err in construing Article III, section 52e. See Tex. Const.
art. III, § 52e (Vernon 1997). VanDevender's third issue is overruled. We need not
address issues one and two, because of this resolution of issue three. The judgment of the
trial court is affirmed. 

 AFFIRMED. 



 

 DAVID GAULTNEY 

 Justice


Submitted on May 6, 2005

Opinion Delivered July 14, 2005


Before Gaultney, Kreger and Horton, JJ. 

1. VanDevender does not dispute the trial court's finding of fact that he was paid his
constitutional benefits from the date of his injury through December 31, 2000. His
entitlement to workers' compensation benefits is not at issue in this case.
2. VanDevender denied any other on-the-job injury occurred.