NUMBER 13-06-00243-CV



COURT OF APPEALS


 

THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


JULIO SOLIZ, Appellant,


v.
 


NUECES COUNTY SHERIFF, NUECES COUNTY CIVIL

SERVICE COMMISSION, NUECES COUNTY, Appellees.

 


On appeal from the 214th District Court of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion by Chief Justice Valdez



 Julio Soliz, by a single issue, appeals from the trial court's judgment affirming the
Nueces County Civil Service Commission's decision dismissing his grievance. We affirm.

I. BACKGROUND

 The Nueces County Sheriff's Department notified Soliz by letter that he was being
demoted from a patrol sergeant to a crime data clerk because he allegedly violated
provisions of the sheriff's department's general manual. The demotion letter ended with
a notice, stating that "[y]ou are hereby informed that if you wish to appeal this disciplinary
action, you have seven (7) days from receipt of this letter to submit an appeal to the
Nueces County Civil Service Commission." Shortly after receiving the demotion letter,
Soliz requested and received permission to take four days off of work. Soliz never returned
to work. However, he timely filed a grievance with the Nueces County Civil Service
Commission regarding his demotion. 

 A month after beginning his vacation and permanent absence from work, the
sheriff's department notified Soliz that he had been terminated. The termination letter
ended with the same notice of appellate procedure as the demotion letter. No formal
grievance was filed regarding the termination letter. Months later, the Nueces County Civil
Service Commission dismissed Soliz's demotion grievance. Soliz appealed to the district
court. The various involved Nueces County entities filed pleas to the jurisdiction, which the
trial court denied. This Court, in an interlocutory appeal, affirmed the trial court's decision
to deny the pleas to the jurisdiction. See Nueces County, et al. v. Soliz, No. 13-05-157-CV,
2005 Tex. App. LEXIS 5449 at *2 (Tex. App.-Corpus Christi July 14, 2005, no pet.) (memo
op.). 

 Upon receiving our opinion in the interlocutory appeal, the trial court affirmed the
Nueces County Civil Service Commission's dismissal of Soliz's grievance. The district
court issued conclusions of law stating that an employee is entitled to a grievance hearing
after each "demotion" and "termination," and that Soliz was not entitled to a hearing on his
demotion because he failed to return to work after his demotion. The district court also
concluded that Soliz was not entitled to a hearing on what constituted a "constructive
discharge." Soliz appeals from the district court's judgment affirming the civil service
commission's dismissal of his grievance.

II. DISCUSSION

 By his sole issue, Soliz argues that under the civil service rules and procedures he
has a right to a civil service grievance hearing when he has been constructively
discharged. (1) Soliz implicitly argues that his demotion should be construed as a
constructive discharge. Soliz claims that the grievance he filed was to being constructively
discharged and therefore was timely filed. (2) He argues that the civil service commission
should have adopted the concept of constructive discharge because the local government
code allows the commission to adopt existing law. See Tex. Loc. Gov't Code Ann. §
158.009(b) (Vernon 1999). We do not find Soliz's argument persuasive. 

 Normally, a decision by a civil service commission is appealable to a district court
and reviewed under the "substantial evidence" rule. See Tex. Loc. Gov't Code Ann. §
158.012(b) (Vernon 1999). Soliz, however, does not seek a substantial evidence review.
Instead, he seeks a review of whether the civil service commission erred in not applying
the constructive termination doctrine. To determine the applicable standard of review, we
look to the statute.

 The local government code grants a civil service commission discretion in adopting
laws and rules. In relevant part, it provides that:

 The commission may adopt or use as a guide any civil service law or rule of
the United States, this state, or a political subdivision in this state to the
extent that the law or rule promotes the purposes of this subchapter and
serves the needs of the county.


Id. § 158.009(b) (emphasis added). As the statute notes, the commission is not required
to use or follow any civil service law or rule of the United States in preparing its civil service
rules. See id.; Tarrant County v. Van Sickle, 98 S.W.3d 358, 364 (Tex. App.-Fort Worth
2003, pet. denied). This is because the term "may" creates a discretionary authority or
grants permission or a power, while the term "shall" imposes a duty. Tex. Gov't Code Ann.
§ 311.016(1) (Vernon 2005).

 The record before us consists of a reporter's record of a hearing held before the trial
court and the clerk's record. At the hearing, the parties stipulated to all of the facts, except
how Soliz's grievance should be classified. Soliz and the county attorney presented legal
arguments to the trial court, but no evidence was offered to the court, and no testimony
was taken. The clerk's record includes, among other things, Soliz's petition, official records
of the Nueces County Civil Service Commission, the final judgment, and the trial court's
findings of fact and conclusions of law. The clerk's record also includes the sheriff's
department's termination letter. The civil service commission's records include the sheriff's
department's demotion letter, Soliz's grievance against the demotion complaining that the
"punishment was to[o] harsh and uncalled for," notice of the civil service commission's
hearing date, amended minutes of the civil of the civil service commission's hearing, and
a final decision. 

 The governing statute grants the civil service commission discretion to employ other
laws and rules but does not mandate the use of other laws, such as the constructive
termination doctrine. Moreover, Soliz has failed to present any evidence or authority
showing how the civil service commission abused its discretion in not adopting the concept
of constructive discharge. Accordingly, Soliz's sole issue is overruled.

 III. CONCLUSION

 The trial court's judgment is AFFIRMED. Tex. R. App. P. 43.2(a). 



 _______________________

 ROGELIO VALDEZ,

 Chief Justice



Memorandum Opinion delivered and filed 

this the 29th day of August, 2007.
1. The argument section of Soliz's brief is four pages long, two and a half of which consist of a block
quotation from Univ. of Tex. Med. Branch at Galveston v. Hohman, 6 S.W.3d 767(Tex. App.-Houston [1st
Dist.] 1999, pet. dism'd w.o.j.) (op. on reh'g). Out of an abundance of caution, we will outline the contours of
a cognizable argument.
2. Section 158.012(a) provides that "a county employee who, on a final decision by the commission,
is demoted, suspended, or removed from the employee's position may appeal the decision by filing a petition
in a district court in the county within 30 days after the date of the decision. Tex. Loc. Gov't Code Ann. §
158.012(a) (Vernon 1999).